IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA LOPARCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 08CV2747 |
| | ) | Judge Der-Yeghiayan |
| VILLAGE OF RICHTON PARK | ) | Magistrate Judge Nolan |
| | ) | |
| Defendant. | ) | |

### DEFENDANT, VILLAGE OF RICHTON PARK'S, PARTIAL RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, VILLAGE OF RICHTON PARK, by and through its attorneys, O'REILLY LAW OFFICES, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves to dismiss portions of the Plaintiff, PATRICIA LOPARCO's, Complaint at Law, and in support thereof, states as follows:

1.      On May 12, 2008, Plaintiff filed a Federal Complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000(e), et seq. (Title VII) and the Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2601 et seq.  (See Plaintiff's Complaint attached as Exhibit A).

2.      Plaintiff brings Count I for alleged sexual harassment, Count II for alleged sex discrimination, Count III for alleged disparate treatment due to alleged sex discrimination, Count IV for alleged retaliation in response to her alleged complaints of sex discrimination, and Count V for an alleged violation of the Family Medical Leave Act.

3.      Specifically, in her Complaint, Plaintiff alleges that on April 24, 2001, she complained to supervisors regarding specific instances of sexually harassing conduct by

co-workers/supervisors. Plaintiff alleges that she was terminated in July of 2007. (See ¶ 7 and 11 of Plaintiff's Complaint attached as Exhibit A).

4.    Plaintiff alleges in her Complaint that on January 19, 2007, she filed a timely charge of discrimination with the Equal Employment Opportunity Commission, EEOC Charge *No. 440-2007-02379*, indicating sex discrimination and retaliation. (See ¶ 17 of Plaintiff's complaint and EEOC Charge *No. 440-2007-02379,* attached hereto as Exhibit B).

5.    In her EEOC Charge, *No. 440-2007-02379* filed on January 19, 2007, Plaintiff suggests that since her complaint of discrimination on April 24, 2001, she was subjected to disciplinary actions for violations for which male counterparts have not been disciplined. Specifically, Plaintiff alleges in her EEOC charge that on January 5, 2007, she was suspended pending a hearing for reporting late to work three times during 2006. (See EEOC Charge *No. 440-2007-02379* attached hereto as Exhibit B).

6.    Dismissal under Rule 12(b)(6) is proper when it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. Conley v. Gibson, 355 U.S. 519, 520-21 (1957). For the purposes of a 12(b)(6) motion, courts accept as true all well-pleaded allegations of the complaint and draw all reasonable inferences in favor of the plaintiff. McMillan v. Collection Prof'ls, Inc., 455 F.3d 754, 758 (7th Cir.2006).

7.    "While in general, consideration of matters outside the pleadings is improper without conversion of a 12(b)(6) motion into a motion for summary judgment, an EEOC charge that a defendant attaches to a motion to dismiss may be considered if they are referred to in the plaintiff's complaint and are central to plaintiff's claim. Fed.R.Civ.P.

12(b).ö  Delgado v. Certified Grocers Midwest, Inc., 2006 WL 2873215, (N.D.Ill. October 05, 2006, NO. 06 C 2107) *relying upon* Rosenblum v. Travelbyus .com Ltd., 299 F.3d 657, 661-62 (7th Cir.2002) and E.E.O.C. v. Concentra Health Services, Inc., 2006 WL 2024240 (N.D.Ill., July 12, 2006, No. 05 C 1109) (See Westlaw cited caselaw, attached as Exhibits C and D).

8.      Before bringing a Title VII suit in federal court, a plaintiff must first file a timely charge with the EEOC alleging the same claims as those alleged in the complaint. Babrocky v. Jewel Food Co., 773 F.2d 857, 863 (7th Cir.1985).  The purpose of this requirement is to provide the employer with notice of the claim and to give the parties the opportunity to settle the issue without resort to the courts. Rush v. McDonald's Corp., 966 F.2d 1104, 1110 (7th Cir.1992).  Accordingly, a plaintiff may not bring claims that were not included in her charge that she filed with the Equal Employment Opportunity Commission, Kersting v. Wal-Mart, Inc., 250 F.3d 1109, 1118 (7th Cir.2001), and only claims that are ölike or reasonably related to the allegations of the charge and growing out of such allegationsö may be brought in the federal court complaint. Jenkins v. Blue Cross Mutual Hospital Insurance, Inc., 538 F.2d 164, 167 (7th Cir.1976).

9.      Further, if a plaintiff does not file a charge concerning a discrete act of discriminatory conduct within 300 days of its occurrence, her claim is time-barred and she may not recover.  42 U.S.C. § 2000e-5(e)(1) National Passenger RR v. Morgan, 536 U.S. 101, 110, 113 & 114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); *see also* Roney v. Illinois Dep't of Trans., 474 F.3d 455, 460 (7th Cir.2007).

10.      Since Plaintiff filed her only EEOC Charge on January 19, 2007, her claim premised upon her termination in July of 2007 is barred because it could not possibly be

reasonably related to the allegations of her EEOC Charge which she filed on January 19, 2007. Further, since she has not filed an EEOC charge regarding termination in July of 2007 and more than 300 days have passed, she is time-barred from doing so. Therefore, this Court should dismiss her Complaint to the extent that it seeks remedy for any alleged adverse employment conduct which post-dates her EEOC Charge filed on January 19, 2007, including but not limited to her termination in July of 2007.

11.    Further, since Plaintiff's EEOC Charge exclusively contemplates sex discrimination and retaliation based upon complaints of discrimination, this Court should dismiss Count I of Plaintiff's complaint seeking remedy for alleged acts of sexual harassment as it is not included in her EEOC charge and is like or reasonably related to the allegations of the charge or growing out of such allegations. Further, to the extent Plaintiff's complaint purports to bring a hostile work environment claim, this too should be barred as it is not part of the EEOC Charge filed by Plaintiff in this case.

12.    Finally, since Plaintiff's EEOC Charge contemplates alleged adverse employment actions beginning in 2001 and continuing to January of 2007, this Court should dismiss Plaintiff's claims to the extent that they are predicated upon alleged adverse employment actions which pre-date the filing of her EEOC Charge on January 19, 2007 by more than 300 days as being time-barred.

WHEREFORE, the Defendant, VILLAGE OF RICHTON PARK, respectfully requests this Honorable Court enter an order granting its motion to dismiss, and specifically finding that Plaintiff's claims premised upon her termination in July of 2007 and/or any alleged adverse employment conduct which post-dates her EEOC Charge filed on January 19, 2007 are barred; that Count I of Plaintiff's Complaint seeking remedy for

alleged acts of sexual harassment and any claims for hostile work environment are barred; and that Plaintiff's claims predicated upon alleged adverse employment actions which pre-date the filing of her EEOC Charge on January 19, 2007 by more than 300 days are barred.

Respectfully Submitted:

Dated: July 14, 2008                By:    /s/ John F. O'Reilly
                                           O'REILLY LAW OFFICES
                                           Attorneys for Defendant
                                           1751 S. Naperville Rd, #101
                                           Wheaton, IL  60187
                                           Telephone:  630/665-4444
                                           Attorney No. 6209668
                                           E-mail:  oreillylaw@msn.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA LOPARCO, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | Honorable Judge |
| | ) | |
| vs. | ) | |
| | ) | Magistrate Judge |
| VILLAGE OF RICHTON PARK, | ) | FILED |
| | ) | MAY 12, 2008　　　　　YM |
| Defendant. | ) | 08CV2747 |
| | | JUDGE DER-YEGHIAYAN |

**COMPLAINT** MAGISTRATE JUDGE NOLAN

**NOW COMES,** the Plaintiff Patricia Loparco, by and through her attorney Charles

Siedlecki and complaining against Defendant Village of Richton Park, states as follows:

### *JURISDICTION AND VENUE*

1.　　This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended

42 U.S.C. § 2000(e),et seq. (Title VII):  The Family and Medical Leave Act ("FMLA") 29

U.S.C. § 2601 et seq, and the Civil Rights Attorney's Fee's Awards Act of 1976, 42

U.S.C. § 1988. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. §

1331, 1343. This action properly lies in the Northern District of Illinois, Eastern Division,

pursuant to 28 U.S.C. § 1391 (b) and (c), and 42 U.S.C. § 2000e-5(f)(3), for the

employment practices hereafter alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Northern District of Illinois,

Eastern Division.

-1-

**EXHIBIT A**

### *PARTIES*

2.    Plaintiff, Patricia Loparco, (hereinafter sometimes referred to as "Plaintiff"), is a citizen of the United States of America and a resident of the State of Illinois.

3.    Defendant Village of Richton Park , (hereinafter sometimes referred to as "Defendant"), provide services, including a police department, for the citizens of its village.  Defendant is an employer within the meaning of Title VII and is located at 4455 West Sauk Trail, Richton Park, Illinois 60471.

### FACTS

4.    Plaintiff Loparco was hired by Defendant on September 12, 1996, assigned to the position of Patrol Officer. Plaintiff is a white female.

5.    At that time, Plaintiff was one of two females employed within the police department.

6.    Plaintiff complained to defendant of sex harassment/discrimination.  Yet, no corrective action was taken.

7.    Plaintiff complained internally of the sexually harassing conduct of employee/agents Vito Mannino and William Sander both of whom were supervisors within the Defendant's police department.  Specifically, Plaintiff complaints include but are not limited to the following:

    a.    being forced to attend roll calls at which film clips of a woman performing oral sex on a man were played;

    b.    being directed to change clothes in the men's locker room;

    c.    being exposed to men in varying states of undress and often completely naked;

    d.      plaintiff while in uniform at roll call and in front of her co-workers, was referred to as a "whore," a "bitch", told by male officers to "suck their dicks;"

    e.      being exposed to discussions at roll call regarding pornographic videos the officers had seen and sexual acts they have performed with other women. Supervisors were present and took part in the discussion;

    f.      having officers grab their crotch and tell Plaintiff "this is for you";

    g.      plaintiff was subjected to untoward, demeaning and sexually offensive comments regarding her butt;

    h.      being told to cook and bake food to bring into the workplace.

8.      Plaintiff was meeting the reasonable work expectations of her employer, Village of Richton Park Police Department. Yet, after Plaintiff complained internally and to the EEOC she was requested by Mr. Mannino, on four different occasions to resign her position.

9.      After filing her complaints with Defendant, Plaintiff was subjected to different terms and conditions of employment which were not applied to similarly situated male employees, including but not limited to the following:

    a)      Plaintiff was targeted for discipline not applied to male employees.

    b)      Plaintiff's work was scrutinized to a degree not applied to similarly situated male employees.

    c)      Plaintiff was more harshly disciplined than similarly situated male employees.

    d)      Plaintiff was subjected to multiple disciplines for the same alleged infraction.

    e)      The above describe harassment/discrimination intensified.

f)      Plaintiff was disciplined without basis for allegedly abusing sick days.  Plaintiff did not exceed the allotted number of sick days to which she was entitled and Plaintiff was not granted her rights pursuant to the Family Medical leave Act regarding these absences.

g)      Plaintiff was informed by supervisory personnel that they had been ordered to "watch" Plaintiff and "try to write her up for anything they could", this order came from/by Mr. Mannino, who was now Chief of Police.

10.    The above actions were directed at Plaintiff by co-workers and supervisory personnel of the Defendant this conduct was intentional, willful, and deliberately designed to harm Plaintiff.

11.    On or about July 2007, Plaintiff was suspended and subsequently terminated on false and pre-textual charges.

12.    None of the male officers sat that time had suffered the above harassment, discipline, or were suspended for being late to work.

13.    Defendant further violated Plaintiff's rights in that:

a.      It failed to provide Plaintiff with employment conditions and relationships where she could work safely, free from harassment and discrimination.

b.      It failed to respond promptly to Plaintiff's complaints of discrimination.

c.      It failed to thoroughly investigate Plaintiff's complaints of discrimination.

d.      It failed to take appropriate action when it knew or should have known of the discriminatory practices.

e.      It failed to discharge, suspend, reprimand or otherwise discipline the supervisors,

-4-

who either perpetrated, acquiesced in or ignored the discrimination occurring within Plaintiff's workplace.

14. Such conduct has denied Plaintiff's civil rights guaranteed by the Laws of the United States of America.

15. Plaintiff was retaliated against for having complained of discrimination/harssment within the workplace.

16. The discrimination suffered by Plaintiff materially altered the terms and conditions of her employment because of her gender.

17. On January 19, 2007, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") Charge No. 440-2007-02379, indicating sex discrimination and retaliation.

18. On February 15, 2008, the EEOC forwarded Plaintiff's request for a Notice of Right To Sue to the U.S. Department of Justice.

19. On March 7, 2008, the U.S. Department of Justice issued Plaintiff a Notice of Right to Sue.

20. Plaintiff has met all procedural prerequisites to bringing this action.

21. Plaintiff brings this action within ninety (90) days of receipt of her Notice of Right to Sue.

## COUNT I
### SEXUAL HARASSMENT

1-21. Plaintiff repeats and re-alleges Paragraphs 1 through 21 of this Complaint as paragraphs 1 through 21 of Count I as though fully set forth herein.

22. The Defendant has engaged in sexual harassment of the Plaintiff maliciously and with

reckless indifference to Plaintiff's rights under Title VII.

23. That the aforesaid treatment of Plaintiff was because of her sex, female, in violation of Title VII , as amended.

24. That Defendant created and allowed a hostile work environment to exist for Plaintiff.

25. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendants' illegal conduct.

26. As a result of the acts complained of herein, Plaintiff has suffered and will continue to suffer the effects of unlawful discrimination, extreme emotional distress and mental anguish, loss of career opportunities, los of a job, damage to her reputation and professional development, financial loss, physical harm and loss of the enjoyment of everyday life.

27. The conduct of the Defendant constitutes unlawful employment discrimination on the basis of sex and constitutes a violation of the Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by Title VII of the Civil Rights Act of 1991, and the Defendant is liable to the Plaintiff for civil relief and other damages for the violation of Plaintiff's rights.

**WHEREFORE**, Plaintiff, Patricia Loparco, respectfully prays this Honorable Court award Plaintiff the following relief:

A. Award compensatory damages against the Defendant in an amount in excess of the amount of three hundred thousand dollars ($300,000.00)

B. Award the Plaintiff back pay, pre-judgment interest, lost benefits, reinstatement or front-pay, in an effort to make Plaintiff whole.

-6-

C.     Award punitive damages as allowed by law.

D.     Award reasonable attorney's fees and costs of this suit.

E.     Such other relief as this Honorable Court deems just under the circumstances.

### COUNT II
### SEX DISCRIMINATION - TITLE VII

1-27.   Plaintiff repeats and re-alleges Paragraphs 1 through 27 of this Complaint as paragraphs 1 through 27 of Count II, as though fully set forth herein.

28.   The above-referenced conduct as indicated herein, are discriminatory within the meaning of Title VII.

29.   That the actions and conduct directed toward Plaintiff by Defendant reveals a gender-bias toward female employees within the workplace in violation of Title VII.

30.   Plaintiff has suffered and will continue to suffer irreparable injury caused by defendant's illegal conduct.

31.   Defendant's actions were willful and malicious and constituted a reckless indifference to Plaintiff's rights under Title VII.

32.   As a result of the acts complained of herein, Plaintiff has suffered and will continue to suffer the effects of unlawful discrimination, extreme emotional distress and mental anguish, loss of career opportunities, los of a job, damage to her reputation and professional development, financial loss, physical harm and loss of the enjoyment of everyday life.

33.   The conduct of the Defendant constitutes unlawful employment discrimination on the basis of sex and constitutes a violation of the Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by Title VII of the Civil Rights Act of 1991, and

-7-

the Defendant is liable to the Plaintiff for civil relief and other damages for the violation

of Plaintiff's rights.

**WHEREFORE**, Plaintiff, Patricia Loparco, respectfully requests this Honorable Court

award Plaintiff:

A.　　Award compensatory damages against the Defendant in an amount in excess of

　　　　the amount of three hundred thousand dollars ($300,000.00)

B.　　Award the Plaintiff back pay, pre-judgment interest, lost benefits, reinstatement or

　　　　front-pay, in an effort to make Plaintiff whole.

C.　　Award punitive damages as allowed by law.

D.　　Award reasonable attorney's fees and costs of this suit.

E.　　Such other relief as this Honorable Court deems just and

　　　　proper under the circumstances.

### COUNT III
### DISPARATE TREATMENT

1-33.　Plaintiff repeats and re-alleges Paragraphs 1 through 33 of this Complaint as paragraphs

　　　　1 through 33 of Count III, as though fully set forth herein.

34.　　The Plaintiff is a white female.

35.　　The Plaintiff was and is qualified for the job she held.

36.　　The Plaintiff adequately performed all of the functions that her job entailed.

37.　　Despite the Plaintiff's qualifications and performance she was discriminated against by

　　　　the Defendant because of her sex.

38.　　The discrimination and disparate treatment suffered by the Plaintiff at the hands of the

Defendant was intentional.

39.    The Defendant has discriminated against the Plaintiff in the terms and conditions of her

employment on the basis of sex.

40.    The Plaintiff is now suffering and will continue to suffer as a result of the discriminatory

employment practices engaged in and tolerated by the Defendant unless and until this

Honorable Court grants relief.

WHEREFORE, Plaintiff, Patricia Loparco, respectfully requests this Honorable Court

award Plaintiff:

A.    Award compensatory damages against the Defendant in an amount in excess of

the amount of three hundred thousand dollars ($300,000.00)

B.    Award the Plaintiff back pay, pre-judgment interest, lost benefits, reinstatement or

front-pay, in an effort to make Plaintiff whole.

C.    Award punitive damages as allowed by law.

D.    Award reasonable attorney's fees and costs of this suit.

E.    Such other relief as this Honorable Court deems just and

proper under the circumstances.

## COUNT IV
## RETALIATION - TITLE VII

1-40.    Plaintiff repeats and re-alleges Paragraphs 1 through 40 of this Complaint as paragraphs

1 through 40 of Count IV, as though fully set forth herein.

41.    After Plaintiff complained about the discrimination, Plaintiff was subjected to adverse

reprisals, inclusive of, but not limited to, unfair discipline.

-9-

42.     The adverse reprisals were in retaliation for having complained about the hostile work environment in violation of Title VII.

43.     Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

44.     The Defendant's actions were willful and malicious and constituted a reckless indifference to Plaintiff's rights under Title VII.

45.     As a result of the acts complained of herein, Plaintiff has suffered and will continue to suffer the effects of unlawful discrimination, extreme emotional distress and mental anguish, loss of career opportunities, loss of a job, damage to her reputation and professional development, financial loss, physical harm and loss of the enjoyment of everyday life.

46.     The conduct of the Defendant constitutes unlawful employment discrimination on the basis of sex and constitutes a violation of the Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by Title VII of the Civil Rights Act of 1991, and the defendant is liable to the Plaintiff for civil relief and other damages for the violation of Plaintiff's rights.

**WHEREFORE**, Plaintiff, Patricia Loparco, respectfully requests this Honorable Court award Plaintiff:

A.     Award compensatory damages against the Defendant in an amount in excess of the amount of three hundred thousand dollars ($300,000.00)

B.     Award the Plaintiff back pay, pre-judgment interest, lost benefits, reinstatement or front-pay, in an effort to make Plaintiff whole.

-10-

    C.    Award punitive damages as allowed by law.

    D.    Award reasonable attorney's fees and costs of this suit.

    E.    Such other relief as this Honorable Court deems just and proper under the circumstances.

## COUNT V
### VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

47.    Plaintiff repeats and re-alleges paragraphs 1 through 47 above as paragraphs 1 through 47 of Count V, as through fully set forth herein.

48.    Plaintiff had worked continuously for Defendants for more than twelve (12) months preceding her giving notice of her need for FMLA leave.

49.    Plaintiff had worked more than 1250 hours during the twelve (12) month period preceding her giving said notice of her need for FMLA leave.

50.    Plaintiff was entitled to 480 hours of FMLA protected leave.

51.    Plaintiff was denied FMLA coverage for the absences taken to obtain medical care/ treatment for her serious health condition and/or that of her daughter.

52.    Said denial was intentional, willful and designed to support discipline and the ouster of Plaintiff from her employment as a police officer with the Village of Richton Park.

53.    Such conduct has caused Plaintiff financial harm, los of pay and benefits and loss of future pay and benefits in violation of the Family Medical Leave Act.

    **WHEREFORE,** Plaintiff respectfully prays this Honorable Court award the following relief:

    A.    Monetary damages to compensate Plaintiff for all lost salary and benefits from the time Defendant's improper conduct commenced to the time of the award, plus all

accrued interest thereon;

B.     Monetary damages to compensate Plaintiff for all future lost salary and benefits;

C.     Liquidated damages equal to an amount awarded hereunder, pursuant to FMLA §
       107(a)(1)(A)(iii);

D.     Reasonable attorney's fees, expert witness fees and costs of litigation and costs of
       this suit;

E.     Satisfy the jurisdictional limitation of this Court and such additional amounts as
       the jury and this Court shall deem proper under the circumstances.


                                        Respectfully submitted,

                                        /s/ Charles Siedlecki


Charles Siedlecki and Associates, P.C.
10540 South Western Avenue - Suite 405
Chicago, Illinois 60643
(773) 881-2535

EEOC FORM 131 (5/01)

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Mr Gregory Spathis<br>Acting Village Manager<br>**VILLAGE OF RICHTON PARK PARK POLICE DEPARTMENT**<br>4455 West Sauk Trail<br>Richton Park, IL 60471 | **Patricia Loparco** |

THIS PERSON (check one or both)

| X | Claims To Be Aggrieved |
|---|---|
| | Is Filing on Behalf of Other(s) |

EEOC CHARGE NO.

**440-2007-02379**

### NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

| [X] Title VII of the Civil Rights Act | [ ] The Americans with Disabilities Act |
|---|---|
| [ ] The Age Discrimination in Employment Act | [ ] The Equal Pay Act |

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **16-FEB-07** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by to _____
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| Patricia Jaramillo,<br>Enforcement Supervisor<br>*EEOC Representative*<br>Telephone **(312) 886-3576** | **Chicago District Office - 440**<br>**500 West Madison St**<br>**Suite 2800**<br>**Chicago, IL 60661** |
|---|---|

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

| [ ] RACE | [ ] COLOR | [X] SEX | [ ] RELIGION | [ ] NATIONAL ORIGIN | [ ] AGE | [ ] DISABILITY | [ ] RETALIATION | [ ] OTHER |
|---|---|---|---|---|---|---|---|---|

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| January 19, 2007 | John P. Rowe,<br>District Director | *John P. Rowe* |

**EXHIBIT B**

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 440-2007-02379 |

| Illinois Department Of Human Rights | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Patricia Loparco** | **(708) 481-8956** | **03/17/1970** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **1114 West 183rd Street Homewood, Illinois 60430** | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **VILLAGE OF RICHTON PARK POLICE DEPARTMENT** | **15 - 100** | **(708) 481-8956** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **4455 West Sauk Trail, Richton Park, IL 60471** | | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| ☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | Earliest | Latest |
| ☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.) | **01-01-2001** | **01-18-2007** |
| | ☒ CONTINUING ACTION | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent on September 12, 1996, as Patrol Officer. I am one of three females of the 27 Patrol Officers in my department. On April 24, 20001, I complained of discrimination. Immediately thereafter and continuing to the present I have been subjected to different terms and conditions of employment than my male co-workers, by being disciplined for violations for which male counterparts have not been disciplined. On January 5, 2007, I was suspended pending a hearing for reporting late to work three times during 2006. None of the male Patrol Officers have been harassed, disciplined, or suspended for being late to work.

I believe that I have been discriminated because of my sex, female, and retaliated against for complaining of discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC

JAN 19 2007

CHICAGO DISTRICT OFC

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Jan 19, 2007      _Patricia C. Loparco_  <br> Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

Westlaw.

Slip Copy                                                                                                    Page 1

Slip Copy, 2006 WL 2873215 (N.D.Ill.)
**(Cite as: 2006 WL 2873215 (N.D.Ill.))**

Delgado v. Certified Grocers Midwest, Inc.
N.D.Ill.,2006.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois,Eastern Division.
Ricardo DELGADO, Plaintiff,
v.
CERTIFIED GROCERS MIDWEST, INC., Defendant.
**No. 06 C 2107.**

Oct. 5, 2006.

Lisa M. Stauff, Law Office of Lisa M. Stauff, Chicago, IL, for Plaintiff.
Nicole K. Peracke, Patricia Louise Mehler, Seyfarth Shaw LLP, Chicago, IL, for Defendant.

### *MEMORANDUM OPINION*

CHARLES P. KOCORAS, District Judge.
**\*1** This matter comes before this Court on Defendant Certified Grocers Midwest Inc.'s motion to dismiss Plaintiff Ricardo Delgado's First Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, Defendant's motion to dismiss is denied.

### BACKGROUND

Plaintiff Ricardo Delgado ("Delgado") brings this suit pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101*et seq.* ("ADA"). Delgado alleges that, on April 13, 2005, he was terminated from his job as a warehouse picker for Defendant Certified Grocers Midwest Inc. ("Certified Grocers") as a result of his continuing medical problems. Delgado alleges that he filed a charge of discrimination concerning his termination with the Equal Employment Opportunity Commission ("EEOC") on December 29, 2005, and then again, pursuant to the EEOC's request, filed another, identical, charge on March 13, Delgado received his notice of right to sue from the EEOC on March 31, 2006, and filed his first complaint in this matter on April 14, 2006. There is no dispute that Delgado filed suit within the time permitted by the notice of right to sue.

FN1. The charges of discrimination attached to Delgado's First Amended Complaint indicate that Delgado filed his charges with both the Illinois Department of Human Rights and the EEOC.

# EXHIBIT C

Certified Grocers has moved to dismiss Delgado's First Amended Complaint because it contends that Delgado did not timely file his charge with the EEOC as required by the ADA-a statutory precondition to filing a complaint in this Court. Certified Grocers asserts that Delgado chose not to file a charge with the EEOC on December 29, 2005, and did not actually file a charge with the EEOC until March 13, 2006-334 days after his termination and 34 days beyond the 300-day limitation period established by the ADA.

Certified Grocers does not dispute the existence of the December 29, 2005, charge. Instead, it contends that additional evidence demonstrates that Delgado did not actually file the charge on December 29, 2005. In support of its motion, Certified Grocers asks this Court to consider the following documents: 1) an affidavit from Certified Grocers' attorney describing the process by which she requested Delgado's EEOC file and detailing the documents received from the EEOC in response; 2) the documents received from the EEOC, which consist of a charge questionnaire dated December 29, 2005, notes from interviews on December 29, 2005, and February 21, 2006, charges of discrimination dated December 29, 2005 and March 13, 2006, a notice of charge dated March 15, 2006, and a dismissal and notice of rights dated March 31, 2006; and 3) an affidavit from John Traub, Certified Grocers' Human Resources Manager, attesting that the only charge he received from the EEOC concerning Delgado was dated March 13, 2006.

Certified Grocers first points to the EEOC interviewer's notes for December 29, 2005, in which the interviewer notes, "PCP chose not to file" as evidence that the December 29, 2005, charge was not actually filed. In addition, Certified Grocers argues that the EEOC interviewer's notes from on February 21, 2006, which describe Delgado as a "PCP" (a potential charging party) and which contain the complete story of Delgado's discharge, also support the conclusion that Delgado did not file a charge on December 29, 2005, and instead restarted the process in February 2006. Finally, Certified Grocers argues that the EEOC's failure to serve the December 29, 2005, charge upon Certified Grocers is additional proof that the charge was never filed, and proffers Traub's affidavit in support.

**\*2** Certified Grocers asks this Court to conclude, despite the existence of the signed and stamped charge dated December 29, 2005, that the second charge, filed March 13, 2006, was the only charge filed by Delgado. Further, Certified Grocers argues that because the March 13, 2006, date was 34 days beyond the 300 day limitations period for filing a charge based on Delgado's termination, his claim is time-barred and his First Amended Complaint should be dismissed.

Delgado has not responded in substance to Certified Grocers' evidence, asserting instead that this Court cannot consider documents outside of the four corners of the complaint in deciding a 12(b)(6) motion. In the alternative, Delgado argues that 1) the EEOC file documents are not *per se* admissible but are instead hearsay; and 2) conversion of Certified Grocers' motion to dismiss to a motion for summary judgment at this stage is inappropriate.

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. *Conley v. Gibson*, 355 U.S. 519, 520-21 (1957). For the purposes of a 12(b)(6) motion, we accept as true all well-pleaded allegations of the complaint and draw all reasonable inferences in favor of the plaintiff. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir.2006). While in general, consideration of matters outside the pleadings is

improper without conversion of a 12(b)(6) motion into a motion for summary judgment, documents that a defendant attaches to a motion to dismiss may be considered if they are referred to in the plaintiff's complaint and are central to plaintiff's claim. Fed.R.Civ.P. 12(b); *Rosenblum v. Travelbyus .com Ltd.,* 299 F.3d 657, 661-62 (7th Cir.2002). With these legal principles in mind, we now turn to a consideration of the issues raised in Certified Grocers' motion to dismiss.

## DISCUSSION

The ADA prohibits employers from discriminating against qualified individuals with a disability because of that disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."42 U.S.C. § 12112(a). The ADA's enforcement provision incorporates § 2000e-5 of Title VII, which requires that a plaintiff file a charge of discrimination within 300 days "after the alleged unlawful employment practice occurred" when such a charge is first filed with a state agency with the authority to grant or seek relief from the discriminatory practice. 42 USC § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203,* 392 F.3d 236, 239 (7th Cir.2004). Failure to file within the 300 days precludes a claimant from bringing the claim in court.*Stepney,* 392 F.3d at 239. The time limits imposed on potential litigants by Title VII (and by incorporation, the ADA) operate akin to statutes of limitation, rather than as a jurisdictional requirements. *Rennie v.. Garrett,* 896 F.2d 1057, 1062 (7th Cir.1990); *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982).

**\*3** The defense of a statute of limitations is an affirmative defense, and as such normally is not decided on a motion to dismiss on the pleadings.Fed.R.Civ.P. 8(c); *United States v. Northern Trust Co.,* 372 F.3d 886, 888 (7th Cir.2004). Delgado's First Amended Complaint, therefore, may be dismissed only if it is clear from the face of his complaint that he has not satisfied the preconditions required by the ADA. *See Xechem, Inc. v. Bristol-Myers Squibb Co.,* 372 F.3d 899, 901 (7th Cir.2004).

Generally, a court may consider only the plaintiff's complaint on a Rule 12(b)(6) motion. *Rosenblum,* 299 F.3d at 661. When additional evidence is attached to a motion to dismiss, "the court must either convert the 12(b)(6) motion into a motion for summary judgment under Rule 56 ... or exclude the documents attached to the motion to dismiss and continue under Rule 12."*188 LLC v. Trinity Industries, Inc.,* 300 F.3d 730, 735 (7th Cir.2002)*(quoting Levenstein v. Salafsky,* 164 F.3d 345, 347 (7th Cir.1998)). An exception to this rule exists for a "limited class" of documents that are "referred to in the plaintiff's complaint and are central to his claim."*Rosenblum,* 299 F.3d at 661. Courts in this District ordinarily consider EEOC charges to be documents falling within the "narrow exception" to the rule that 12(b)(6) motions are to be decided on the allegations contained in the complaint alone. While the EEOC charge is not central to a plaintiff's complaint, the complaint itself cannot exist without the EEOC charge. *See, e.g., E.E. O.C. v. Concentra Health Services, Inc.,* No. 05 C 1109, 2006 WL 2024240 at \*3 (N.D.Ill., July 12, 2006). In this case, the December 29, 2005, and March 13, 2006, EEOC charges were both attached to Plaintiff's First Amended Complaint and would be considered by this Court even if they had not also been attached to Certified Grocers' motion.

Certified Grocers argues that this Court may also consider the EEOC charge questionnaire and the EEOC interview notes because those documents served as the basis for the EEOC charges and are therefore "central" to the complaint. While the EEOC interview notes and the charge questionnaire may have informed the creation of the charges themselves, they are not documents that are central to Delgado's

complaint. While Certified Grocers argues that documents "central" to the complaint encompass documents that are "directly or indirectly" referred to in the Complaint, as well as "any documents that are probative of whether Plaintiff filed a timely charge," its interpretation of the case law is overbroad. By Certified Grocers' logic, any document related to a document central to the complaint could then be considered on a motion to dismiss-a situation that would permit consideration of nearly every document and defeat the rule. Therefore, this Court will not consider any documents other than the EEOC charges in deciding this motion. In light of this conclusion, we need not consider whether or not the documents themselves-the contents of the EEOC file-are ultimately admissible as evidence in later proceedings.

**\*4** According to his First Amended Complaint, Delgado filed his first charge of discrimination dated December 29, 2005, and then, at the request of the EEOC, filed a second, identical charge of discrimination dated March 13, 2006. The contents of December 29, 2005, and March 13, 2006, EEOC charges attached to his First Amended Complaint are consistent with these allegations. Taking Delgado's allegations as true, as we must for the purposes of this motion, the December 29, 2005, charge would have been filed within the 300-day limitation period applicable to his ADA claim. While the existence of two identical charges of discrimination appears unusual, Delgado has alleged that the second Charge was filed at the request of the EEOC and Certified Grocers has presented no evidence that could, at this stage in the proceedings, contradict Delgado's allegations. Delgado has alleged facts sufficient to establish that his charge was filed within the time allotted by the ADA, and as such, he has satisfied the statutory preconditions for filing his First Amended Complaint in this Court.

## CONCLUSION

Based on the foregoing analysis, Certified Grocers' motion to dismiss is denied.

N.D.Ill.,2006.
Delgado v. Certified Grocers Midwest, Inc.
Slip Copy, 2006 WL 2873215 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Slip Copy                                                                                                    Page 1

Slip Copy, 2006 WL 2024240 (N.D.Ill.)

**(Cite as: 2006 WL 2024240 (N.D.Ill.))**

E.E.O.C. v. Concentra Health Services, Inc.

N.D.Ill.,2006.

Only the Westlaw citation is currently available.

United States District Court,N.D. Illinois, Eastern Division.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION Plaintiff,

v.

CONCENTRA HEALTH SERVICES, INC., Defendant

**No. 05 C 1109.**

July 12, 2006.

Aaron R. Decamp, Diane Ilene Smason, John C. Hendrickson, Chicago, IL, for Plaintiff.

James J. Oh, Asilia S. Backus, Littler Mendelson, P.C., Chicago, IL, for Defendant.

*MEMORANDUM, OPINION AND ORDER*

ANDERSEN, J.

**\*1** This case is before the court on Defendant Concentra Health Services' 12(b)(6) motion to dismiss Plaintiff Equal Employment Opportunity Commission's first amended complaint. For the reasons set forth below, Defendant's motion is granted.

*BACKGROUND*

I. *Procedural History*

Plaintiff filed its original complaint on behalf of Charles Horn, an employee of the Defendant, on February 24, 2005. The original complaint alleged that Defendant retaliated against Horn by terminating his employment in violation of Title VII. It further alleged Horn was discharged because Horn reported his supervisor's sexual relationship with a male subordinate, to whom the supervisor allegedly gave preferential treatment.

Defendant filed a motion to dismiss the original complaint, which was granted by this Court. In our opinion dismissing the complaint, we held that in order to state a cause of action for retaliation under Title VII, a plaintiff must show that he engaged in statutorily protected expression. For this expression to be statutorily protected, the employee must have reasonably believed that he opposed an unlawful employment practice.

# EXHIBIT D

For the employee's belief to be reasonable, the conduct he opposed and reported must actually be prohibited by Title VII. However, Title VII does not prohibit favoritism in the workplace based on personal relationships. Consequently, because the conduct that Horn opposed and reported was favoritism based on a personal relationship, his belief that such conduct violated Title VII could not be reasonable because such conduct does not violate Title VII. Accordingly, we held that Plaintiff failed to state a cause of action and granted Defendant's Rule 12(b)(6) motion.

Plaintiff filed this amended complaint on November 29, 2005 under Title VII of the Civil Rights Act of 1664 ("Title VII"), 42 U.S.C. § 2000e-3(a), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a). In the amended complaint, Plaintiff alleges that Defendant retaliated against Horn in violation of Title VII because Horn reported conduct that he reasonably believed violated Title VII. Defendant has now moved to dismiss the amended complaint under Rule 12(b)(6).

## II. *The Allegations in the Amended Complaint*

Plaintiff's amended complaint is even more vague than the original complaint. It contains only two sentences which address the nature of its claim:

Since at least 2001, Defendant has engaged in unlawful employment practices ... Such unlawful employment practices include, but are not limited to, retaliating against Horn after he opposed conduct in the workplace that he objectively and reasonably believed in good faith violated Title VII by reporting the conduct to Concentra's Director of Human Resources." (Amended Complaint, ¶ 7).

The amended complaint provides no description of the "conduct" that Horn reported, and does not allege any facts that would even provide a clue as to the nature of this "conduct." In fact, the amended complaint is exactly the same as the original complaint, except that the sentence in the original complaint alleging that Horn opposed preferential treatment based on a sexual relationship was changed in the amended complaint to say that Horn opposed conduct he believed violated Title VII.

## III. *The Allegations in the EEOC Charge*

**\*2** While the amended complaint does not allege any facts about the "conduct" that Horn opposed, the EEOC Charge that Horn filed regarding Defendant's alleged retaliation sets forth the facts underlying the situation. The EEOC Charge shows that the "conduct" Horn allegedly opposed in the amended complaint is the same conduct specified in the original complaint: conduct that we previously held did not violate Title VII and could not form the basis for a retaliation claim.

Horn alleges in the EEOC Charge that his supervisor (the "supervisor") at Defendant company was having an affair with an employee under her supervision (the "supervisee") and with other employees, including her superiors. The EEOC Charge further claims that other employees told Horn that they believed that the supervisor gave the supervisee preferential treatment because of their sexual relationship. The EEOC Charge alleges that Horn reported to Defendant's Human Resource Manager that his supervisor was having an affair with the supervisee and that this affair was adversely affecting the work environment and Horn's ability to perform his job duties. The EEOC Charge alleges that Horn was then subjected to unwarranted disciplinary warnings and fired. Finally, the EEOC Charge alleges that the reason Horn was given for being

fired was that Defendant had received a complaint about him, but that when he requested his personnel file, it did not contain a complaint or a reference to a complaint.

In sum, the amended complaint alleges that Defendant retaliated against Horn because Horn reported "conduct" that he believed to violate Title VII. The EEOC Charge makes clear that the "conduct" referred to in the amended complaint is an alleged affair between Horn's supervisor and a supervisee, and possibly other affairs that this supervisor allegedly engaged in with other employees. We will now consider Defendant's motion to dismiss the amended complaint.

## DISCUSSION

In reviewing a motion to dismiss, courts take the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Veazey v. Communications & Cable of Chicago, Inc.,* 194 F.3d 850, 853 (7th Cir.1999). The court may dismiss a complaint when "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."*Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### I. *Does The Amended Complaint Provide Adequate Notice To The Defendant To The Charges Against It?*

The amended complaint in this case fails to provide adequate notice to the Defendant because it offers only a conclusory allegation rather than offering any facts to support the claim. The amended complaint does not specify what conduct Horn believed to violate Title VII and form the basis for a retaliation claim. Instead, it alleges only that Horn "opposed conduct in the workplace that he objectively and reasonably believed in good faith violated Title VII by reporting the conduct to Concentra's Director of Human Resources."(Amended Complaint, ¶ 7). This allegation is a legal conclusion, unsupported by any facts, and gives Defendant no indication of the nature or scope of the allegedly unlawful conduct. Thus, the amended complaint taken by itself does not provide adequate notice to the Defendant. This deficiency is reason enough to dismiss the amended complaint.

### II. *Does The Amended Complaint Together With The EEOC Charge Allege Unlawful Conduct?*

**\*3** The amended complaint alone fails to provide adequate notice of the charges and, when read with the EEOC Charge, it still fails to state a cause of action. Defendant correctly argues that the court may consider the EEOC Charge in order to determine the scope of a Title VII complaint. *See Whitehead v. AM Int'l, Inc.,* 860 F.Supp. 1280, 1286 (N.D.Ill.1994). The Seventh Circuit has held that documents attached to a motion to dismiss, such as the EEOC Charge here, are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. *Venture Associates v. Zenith Data Systems,* 987 F.2d 429, 431 (7th Cir.1993). While Plaintiff contends that the EEOC Charge is not central to Plaintiff's amended complaint, Plaintiff's amended complaint would not exist without the Charge. The EEOC Charge alleges factual circumstances surrounding the conduct Horn experienced and reported. Once the Charge is considered, it is clear that the facts that Plaintiff failed to provide in the amended complaint, taken as true, still do not state a cause of action.

The first element of a claim of retaliation under Title VII is that the plaintiff "engaged in statutorily protected expression." *Fine v. Ryan International Airlines*, 305 F.3d 746, 751-52 (7th Cir.2002) (citing *Dey v. Colt Constr. & Dev. Co.*, 28 F.3d 1446, 1457 (7th Cir.1994). This element has also been described as opposing an employment practice which is unlawful under Title VII. *Hamner v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 224 F.3d 701, 705 (7th Cir.2000) (citing *Cullom v. Brown*, 209 F.3d 1035, 1040 (7th Cir.2000). To establish this first element, an employee must show two things: (1) that the employee reasonably believed that the employer engaged in conduct that violated Title VII; and (2) that the employee reported this conduct. Because we conclude that Plaintiff cannot meet this element, we need not evaluate the remaining elements of a Title VII retaliation claim.

To establish that the employee reasonably believed that the conduct violated Title VII, the employee "must not only have a subjective (sincere, good faith) belief that he opposed an unlawful practice; his belief must also be objectively reasonable, which means that the complaint must involve discrimination that is prohibited by Title VII."*Hamner*, 224 F.3d at 707. Conversely, if the type of conduct at issue is not prohibited by Title VII, the employee's complaints about it are not "statutorily protected" under Title VII. However, an employee need not actually succeed on a separate claim against the offending conduct in order for the conduct to be a valid basis for the retaliation claim. *See Dey v. Colt Constr. & Dev. Co.*, 28 F.3d 1446 (7th Cir.1994); *Firestine v. Parkview Health System, Inc.*, 388 F.3d 229, 234 (7th Cir.2004). In other words, if Title VII prohibits the type of conduct reported, the conduct can serve to meet this element even if it does not rise to the level of creating an independent successful claim.

**\*4** Next, the employee must have opposed, or reported, this unlawful conduct. Thus, if the plaintiff believed that the employer was engaged in conduct that violated Title VII, but never made the employer aware of his opposition to this conduct, there can be no claim for retaliation.

Plaintiff, in its EEOC Charge and in its response brief, has suggested that the unspecified "conduct" that Horn believed to violate Title VII is workplace favoritism or a hostile work environment. The EEOC Charge alleged that Horn reported an affair between a supervisor and a supervisee, and that the supervisor gave the supervisee preferential treatment. Plaintiff's original complaint also alleged this theory of workplace favoritism. Plaintiff disclaimed the favoritism theory in its response brief and suggests instead that Horn alleged conduct in the EEOC Charge that could constitute a claim of hostile work environment. We will consider each theory, favoritism and hostile work environment, by analyzing whether the conduct at issue violated Title VII and whether Horn reported such conduct.

A. Can Plaintiff Establish a Retaliation Claim Premised Upon Complaints of a Supervisor's Favoritism for a Paramour?

To establish a retaliation claim, an employee must have reasonably believed that his employer engaged in conduct that violated Title VII, and he must have reported this conduct. The EEOC Charge alleges that Horn reported an affair between a supervisor and a supervisee, and that this affair was adversely affecting the work environment. Horn allegedly believed that the supervisor was giving the supervisee preferential treatment. Because the conduct Horn believed to violate Title VII does *not* actually violate Title VII, it does not constitute a claim of retaliation, even if what Horn reported conveyed his belief that his supervisor favored the supervisee in the workplace.

As we held in the dismissal of the original complaint, Title VII does not prohibit an employer from favoring an employee based on a personal relationship, including a paramour relationship. *Schobert v. Ill. Dept. of Trans.,* 304 F.3d 725, 733 (7th Cir.2002); *see also Preston v. Wisconsin Health Fund,* 397 F.3d 539 (7th Cir.2005). As the EEOC's own Policy Guidance states, an isolated instance of favoritism does not constitute discrimination in violation of Title VII. EEOC Policy Guidance on Employer Liability under Title VII for Sexual Favoritism, EEOC Notice No. 915-048 (Jan. 12, 1990). We again find that Horn's belief that the supervisor's alleged relationship with the supervisee, or any preferential treatment that the supervisor gave the supervisee because of that alleged relationship, violated Title VII cannot be reasonable because Title VII does not prohibit an employer from granting preferential treatment to a paramour.

Whether or not the alleged relationship between the supervisor and the supervisee was consensual has no bearing on Plaintiff's claim. Plaintiff contends that whether the relationship alleged in the EEOC Charge was consensual is a question of fact, but it is a question that is not relevant to this claim. If this alleged relationship was consensual, any resulting favoritism is paramour favoritism and does not violate Title VII, as noted above. If the alleged relationship was not consensual, then only the *target* of the harassment has a claim of sex discrimination, *Schobert,* 304 F.3d at 733, and thus Horn's opposition to harassment of the supervisee would not be protected under Title VII. In either circumstance, Horn opposed conduct that did not actually violate Title VII and thus cannot serve as a basis for a retaliation claim.

**\*5** Additionally, a plaintiff must report conduct in order for it to serve as the basis for a retaliation claim. We need not reach this issue since Plaintiff has failed to allege conduct that actually violated Title VII, as discussed above.

In conclusion, we again hold that because Title VII does not prohibit a supervisor from giving preferential treatment to a supervisee with whom she has a relationship, Horn could not have reasonably believed that the alleged affair he reported violated Title VII. Consequently, Horn cannot state a cause of action for retaliation under a theory of workplace favoritism.

B. Can Plaintiff Establish a Retaliation Claim Premised Upon Complaints Of Hostile Work Environment?

Although Plaintiff's amended complaint makes no mention of hostile work environment or even of multiple workplace affairs, because Plaintiff argues in its response brief that the EEOC Charge itself suggests such a claim, we will address this argument. For Plaintiff to establish a claim of retaliation premised upon reporting conduct that constitutes a hostile work environment, Plaintiff must establish that the conduct at issue is prohibited by Title VII's protection against hostile work environments and that Horn actually reported this conduct. Because the conduct at issue could not constitute a hostile work environment, and because Horn did not even report the conduct that Plaintiff argues can constitute a hostile work environment, Plaintiff has not stated a cause of action under a theory of retaliation for reporting a hostile work environment.

1. *Could the Conduct at Issue Allege a Hostile Work Environment in Violation of Title VII?*

Plaintiff argues that because the EEOC Charge alleges that Horn discovered that his supervisor was engaged in multiple affairs, the Charge alleges conduct that "could be" prohibited by Title VII. However,

even if Horn had reported such additional alleged affairs, as discussed below, they cannot reasonably be construed to allege a hostile work environment at Defendant company.

Discrimination based on sexual harassment creating a hostile or abusive work environment can violate Title VII. *Meritor v. Vinson,* 477 U.S. 57, 66, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). There are two types of such sexual harassment: 1) *quid pro quo,* involving sexual favors exchanged for employment benefits; or 2) hostile environment, when sexual harassment creates an intimidating, hostile, or offensive work environment. *Id.* at 65.Though the EEOC's Policy Guidance suggests that a party who is not the target of harassment can state a claim for hostile environment, EEOC Policy Guidance on Employer Liability under Title VII for Sexual Favoritism, EEOC Notice No. 915-048 (Jan. 12, 1990), the Seventh Circuit disagrees. The Seventh Circuit finds that to prevail on a claim of hostile work environment, an employee must show that: "(1) she was subjected to unwelcome sexual advances, requests for sexual favors or other verbal or physical conduct of a sexual nature; (2) the conduct was severe or pervasive enough to create a hostile work environment; (3) the conduct was directed at her because of her sex; and (4) there is a basis for employer liability."*Rhodes v. Illinois Dept. of Trans.,* 359 F.3d 498, 505 (7th Cir.2004) (citing *Hall v. Bodine Elec. Co.,* 276 F.3d 345, 355 (7th Cir.2002)).

**\*6** In evaluating a hostile work environment claim, the court should consider the "totality of the circumstances," *Meritor,* 477 U.S. at 69 (citing 29 CFR § 1604.11(b) (1985)). The conduct must be both subjectively and objectively offensive. *McKenzie v. Milwaukee County,* 381 F.3d 619, 624 (7th Cir.2004). The Seventh Circuit has found the severity requirement very high, saying that the workplace must be "hellish" to be actionable.*Whittaker v. Northern Illinois Univ.,* 424 F.3d 640, 645 (7th Cir.2005) (citing *Perry v. Harris Chernin, Inc.,* 126 F.3d 1010, 1013 (7th Cir.1997)). Even if offensive conduct is directed at the employee, if most of it occurs unbeknownst to the employee, it is not severe enough to create a hostile environment. *Whittaker,* 424 F.3d at 645. Relatively isolated instances of conduct that are not severe are insufficient to support a claim.*Id.* at 646 (citing Saxton v. American Tel. & Tel. Co., 10 F.3d 526, 533 (7th Cir.1993)).

Here, the neither the amended complaint nor the facts of the EEOC Charge support a basis for a violation of Title VII premised on hostile work environment. The conduct at issue must actually be prohibited by Title VII in order to form the basis for a retaliation claim, though it does not have to rise to the level of being actionable alone. Here, the conduct claimed cannot meet the Seventh Circuit's standard for hostile work environment because none of the alleged affairs involved Horn at all.

First, Horn cannot meet the first element, that *he* was subjected to unwelcome sexual advances, requests for sexual favors or conduct of a sexual nature, for two reasons: he was not the target of any of this alleged conduct; and he does not claim that the alleged affairs were unwelcome. Horn was not involved in the alleged affairs and does not allege that any sexual conduct was directed at him. Additionally, there is no allegation that there were any *unwelcome* sexual advances, directed at Horn or anyone else. Consensual affairs among co-employees are not particularly uncommon, nor are they prohibited by Title VII. Consequently, to hold that any inter-office affairs constitute a hostile work environment would stretch the claim of hostile work environment beyond the statutory proscription. The Charge does not claim that these alleged affairs, other than the one alleged to exist between the supervisor and a specific supervisee, were accompanied by any preferential treatment, much less the sort of preferential treatment that would constitute a widespread system of sexual favoritism.

Horn's lack of involvement with the alleged conduct also undermines the second element, the severity of the conduct. Not only was Horn uninvolved with the alleged affairs, but these alleged affairs occurred almost unbeknownst to Horn: he knew of them only because the supervisor allegedly mentioned their existence. Consequently, any misconduct would not be severe or pervasive enough to constitute an objectively hostile work environment for Horn. Additionally, there is no suggestion that these other affairs were in any way illegal: there is no allegation that they were engaged in to procure employment benefits, that they were coerced, or that any actual misconduct was severe and pervasive enough to come close to meeting the high standards for a hostile work environment claim.

**\*7** In conclusion, even if Horn had reported these alleged multiple affairs to Defendant, his belief that they violated Title VII could not be reasonable because mere affairs between co-employees, without more, do not create a hostile work environment in violation of Title VII. Because it is clear that Horn cannot possibly meet the first and second elements of a hostile work environment claim, we need not address the remaining elements.

### 2. Did Horn Report the Conduct that Plaintiff Contends Establishes a Hostile Work Environment?

Here, for Horn to have a claim of retaliation, he must have reported the conduct that he believed violated Title VII. According to the EEOC Charge, the conduct that Horn reported was that his supervisor was allegedly having an affair with a specified supervisee-the Charge does *not* allege that Horn reported his knowledge of the supervisor's alleged additional affairs. Plaintiff's contention that Horn opposed conduct that constitutes a hostile work environment thus fails because Horn never *reported* the alleged additional affairs that plaintiff contends suggest a hostile work environment. Consequently, Horn never engaged in the "expression" that is statutorily protected with regard to these additional affairs. Like the plaintiff in *Durkin v. City of Chicago*, 341 F.3d 606, 614-15 (7th Cir.2003), even if Horn had experienced conduct that was prohibited by Title VII, since he did not report it, there is no retaliation claim. Consequently, since Horn did not report the additional affairs his supervisor allegedly engaged in, he cannot have a claim of retaliation for reporting such affairs because there was nothing for Defendant to retaliate against.

In conclusion, Plaintiff has not stated a retaliation claim premised on a theory of hostile work environment for two separate and independent reasons: (1) the conduct allegedly occurring, affairs between co-employees, does not constitute a hostile work environment in violation of Title VII; and (2) Horn never reported the alleged affairs that Plaintiff contends establishes such a claim.

### CONCLUSION

Overall, Plaintiff has not stated a retaliation claim because: (1) the amended complaint itself provides no notice as to the nature of the allegedly unlawful conduct; and (2) even considering the EEOC Charge, the Plaintiff has failed to show that Horn reported any conduct that violated Title VII, either under a theory of favoritism or under a theory of hostile work environment. Under the theory of favoritism, the alleged single affair that Horn reported does not violate Title VII even if it did result in preferential treatment. Under the theory of hostile work environment, the alleged additional affairs are insufficient to constitute a claim of hostile work environment and additionally were never reported to Defendant. Consequently, the EEOC charge establishes that the facts upon which this amended complaint is premised cannot create a cause of action for retaliation.

**\*8** For the foregoing reasons, Plaintiff has failed to state a claim upon which relief can be granted. We grant the Defendant's motion to dismiss Plaintiff's amended complaint with prejudice. This case is hereby terminated.

It is so ordered.

N.D.Ill.,2006.
E.E.O.C. v. Concentra Health Services, Inc.
Slip Copy, 2006 WL 2024240 (N.D.Ill.)

END OF DOCUMENT
© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.