IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA LOPARCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 08CV2747 |
| | ) | Judge Der-Yeghiayan |
| VILLAGE OF RICHTON PARK | ) | Magistrate Judge Nolan |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

**DEFENDANT, VILLAGE OF RICHTON PARK'S, ANSWER TO THE
COMPLAINT AND AMENDED AFFIRMATIVE DEFENSES**

NOW COMES  the Defendant, VILLAGE OF RICHTON PARK, by and through

their attorneys, O'REILLY  LAW  OFFICES, and as for their Answer to the Plaintiff,

PATRICIA LOPARCO's, Complaint at  Law, states as follows:

**JURISDICTION AND VENUE**

1.      This action is brought pursuant to Title VII of the Civil Rights Act of

1964, as amended 42 U.S.C. § 2000(e), et seq. (Title VII): The Family and Medical

Leave Act ("FMLA") 29 U.S.C. § 2601 et seq, and the Civil Rights Attorney's Fee's

Awards Act of 1976, 42 U.S.C. § 1988.  Jurisdiction of this Honorable Court is invoked

pursuant to 28 U.S.C. § 1331,1343.  This action properly lies in the Northern District of

Illinois, Eastern Division, pursuant to 28 U.S.C., § 1391 (b) and (c), and 42 U.S.C. §

2000e-5(f)(3), for the employment practices hereafter alleged to be unlawful were

committed within the jurisdiction of the United States District Court for the Northern

District of Illinois, Eastern Division.

ANSWER:     Defendant admits the jurisdiction and venue of this Court, but denies that

Plaintiff has any valid cause of action.

**PARTIES**

2.     Plaintiff, Patricia Loparco, (hereinafter referred to as "Plaintiff"), is a citizen of the United States of America and a resident of the State of Illinois.

ANSWER:     Defendant admits the allegations contained in Paragraph 2.

3.     Defendant, Village of Richton Park, (hereinafter sometimes referred to as "Defendant"), provide services, including a police department, for the citizens of its village.  Defendant is an employer within the meaning of Title VII and is located at 4455 West Sauk Trail, Richton Park, Illinois 60471.

ANSWER:     Defendant admits the allegations contained in Paragraph 3.

**FACTS**

4.     Plaintiff Loparco was hired by Defendant on September 12, 1996, assigned to the position of Patrol Officer.  Plaintiff is a white female.

ANSWER:     Defendant admits the allegations contained in Paragraph 4.

5.     At that time, Plaintiff was one of two females employed within the police department.

ANSWER:     Defendant admits that at the time she was hired in September of 1996, Plaintiff was one of two females police officers employed within the police department.

6.     Plaintiff complained to defendant of sex harassment/discrimination.  Yet, no corrective action was taken.

ANSWER:     Defendant denies the allegations contained in Paragraph 6.

7.     Plaintiff complained internally of the sexually harassing conduct of employee/agents Vito Mannino and William Sander both of whom were supervisors

within the Defendant's police department.  Specifically, Plaintiff's complaints include but are not limited to the following:

    a.    being forced to attend roll calls at which film clips of a woman performing oral sex on a man were played;

    b.    being directed to change clothes in the men's locker room;

    c.    being exposed to men varying states of undress and often completely naked;

    d.    plaintiff while in uniform at roll call and in front of her co-workers, was referred to as a "whore", a "bitch", told by male offices to "suck their dicks,"

    e.    being exposed to discussions at roll call regarding pornographic videos the officers had seen and sexual acts they have performed with other women.  Supervisors were present and took part in the discussion;

    f.    having officers grab their crotch and tell Plaintiff "this is for you";

    g.    plaintiff was subjected to untoward, demeaning and sexually offensive comments regarding her butt;

    h.    being told to cook and bake food to bring into the workplace.

ANSWER:    Defendant denies the allegations contained in Paragraph 7.

8.    Plaintiff was meeting the reasonable work expectations of her employer, Village of Richton Park Police Department.  Yet, after Plaintiff complained internally and to the EEOC she was requested by Mr. Mannino, on four different occasions to resign her position.

ANSWER:    Defendant denies the allegations contained in Paragraph 8.

9.    After filing her complaints with Defendant, Plaintiff was subjected to different terms and conditions of employment which were not applied to similarly situated male employees, including but not limited to the following:

a.   Plaintiff was targeted for discipline not applied to male employees;

b.   Plaintiff's work was scrutinized to a degree not applied to similarly situated male employees;

c.   Plaintiff was more harshly disciplined than similarly situated male employees;

d.   Plaintiff was subjected to multiple disciplines for the same alleged infraction;

e.   The above described harassment/discrimination intensified;

f.   Plaintiff was disciplined without basis for allegedly abusing sick days. Plaintiff did not exceed the allotted number of sick days to which she was entitled and Plaintiff was not granted her rights pursuant to the Family Medical Leave Act regarding those absences;

g.   Plaintiff was informed by supervisory personnel that they had been ordered to "watch" Plaintiff and "try to write her up for anything they could", this order came from/by Mr. Mannino, who was now Chief of Police.

ANSWER:   Defendant denies the allegations contained in Paragraph 9.

10.   The above actions were directed at Plaintiff by co-workers and supervisory personnel of the Defendant this conduct was intentional, willful, and deliberately designed to harm Plaintiff.

ANSWER:   Defendant denies the allegations contained in Paragraph 10.

11.   On or about July 2007, Plaintiff was suspended and subsequently terminated on false and pre-textual charges.

ANSWER:   Defendant admits that in July of 2007, Plaintiff was suspended and subsequently terminated, but denies that Plaintiff was suspended and/or terminated on false and pre-textual charges.

.    12.    None of the male officers at that time had suffered the above harassment, discipline, or were suspended for being late to work.

ANSWER:    Defendant denies that Plaintiff suffered any alleged harassment or unjustified discipline or suspensions.  Defendant admits that there were no male employees who were similarly situated as the Plaintiff in that they were repeatedly late for work despite progressive disciplinary efforts on the part of Defendant.  Defendant denies that male officers were not subject to the same job requirements and progressive disciplinary rules as the Plaintiff.

    13.    Defendant further violated Plaintiff's rights in that:

    a.    It failed to provide Plaintiff with employment conditions and relationships where she could work safely, free from harassment and discrimination;

    b.    It failed to respond promptly to Plaintiff's complaints of discrimination;

    c.    It failed to thoroughly investigate Plaintiff's complaints of discrimination;

    d.    It failed to take appropriate action when it knew or should have knew of the discriminatory practices;

    e.    It failed to discharge, suspend, reprimand or otherwise discipline the supervisors, who either perpetrated, acquiesced in or ignored the discrimination occurring within Plaintiff's workplace.

ANSWER:    Defendant denies the allegations contained in Paragraph 13.

    14.    Such conduct has denied Plaintiff's civil rights guaranteed by the Laws of the United States of America.

ANSWER:    Defendant denies the allegations contained in Paragraph 14.

    15.    Plaintiff was retaliated against for having complained of discrimination/harassment within the workplace.

ANSWER:     Defendant denies the allegations contained in Paragraph 15.

16.     The discrimination suffered by Plaintiff materially altered the terms and conditions of her employment because of her gender.

ANSWER:     Defendant denies the allegations contained in Paragraph 16.

17.     On January 19, 2007, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") Charge No. 440-2007-02379, indicating sex discrimination and retaliation.

ANSWER:     Defendant admits that on January 19, 2007, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") Charge No. 440-2007-02379, indicating sex discrimination and retaliation.  Defendant denies that said charge was timely filed and denies the veracity of the material allegations contained in said charge.

18.     On February 15, 2008, the EEOC forwarded Plaintiff's request for a Notice of Right to Sue to the U.S. Department of Justice.

ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 18.

19.     On March 7, 2008, the U.S. Department of Justice issued Plaintiff a Notice of Right to Sue.

ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 19.

20.     Plaintiff has met all procedure prerequisites to bringing this action.

ANSWER:     Defendant denies the allegations contained in paragraph 20.

21.    Plaintiff brings this action within ninety (90) days of receipt of her Notice of Right to Sue.

ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 21.

## COUNT I
## SEXUAL HARASSMENT

Defendant has brought its motion to dismiss Count I in its entirety; and therefore, Defendant refrains from answering the allegation contained in Count I at this time.

## COUNT II
## SEX DISCRIMINATION-TITLE VII

1-27.    Plaintiff repeats and re-alleges paragraphs 1 through 27 of this Complaint as paragraphs 1 through 27 of Count II, as though fully set forth herein.

ANSWER:    Defendant repeats and re-states its answers to paragraphs 1 through 21 of this Complaint as its answers to paragraphs 1 through 21 of Count II as though fully set forth herein.  With regard to paragraphs 22 through 27, Defendant has separately moved to dismiss the same.

28.    The above-referenced conduct as indicated herein, are discriminatory within the meaning of Title VII.

ANSWER:    Defendant denies the allegations contained in Paragraph 28.

29.    That the actions and conduct directed toward Plaintiff by Defendant reveals a gender-bias toward female employees within the workplace in violation of Title VII.

ANSWER:    Defendant denies the allegations contained in Paragraph 29.

30.    Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

ANSWER:    Defendant denies the allegations contained in Paragraph 30.

31.    Defendant's actions were willful and malicious and constituted a reckless indifference to Plaintiff's rights under Title VII.

ANSWER:    Defendant denies the allegations contained in Paragraph 31.

32.    As a result of the acts complained of herein, Plaintiff has suffered and will continue to suffer the effects of unlawful discrimination, extreme emotional distress and mental anguish, loss of career opportunities, loss of a job, damage to her reputation and professional development, financial loss, physical harm and loss of the enjoyment of everyday life.

ANSWER:    Defendant denies the allegations contained in Paragraph 32.

33.    The conduct of the Defendant constitutes unlawful employment discrimination on the basis of sex and constitutes a violation of the Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by Title VII of the Civil Rights Act of 1991, and the Defendant is liable to the Plaintiff for civil relief and other damages for the violation of Plaintiff's rights.

ANSWER:    Defendant denies the allegations contained in Paragraph 33.

WHEREFORE, Defendant, VILLAGE OF RICHTON PARK, requests this Honorable Court enter judgment its favor and against the Plaintiff plus costs.

## COUNT III
## DISPARATE TREATMENT

1-33.    Plaintiff repeats and re-alleges paragraphs 1 through 33 of this Complaint as paragraphs 1 through 33 of Count III, as though fully set forth herein.

ANSWER:     Defendant repeats and re-states its answers to paragraphs 1 through 21 and its answers to paragraphs 28 through 33 of this Complaint as its answers to paragraphs 1 through 21 and its answers to paragraphs 28 through 33 of Count III as though fully set forth herein.  With regard to paragraphs 22 through 27, Defendant has separately moved to dismiss the same.

34.     The Plaintiff is a white female.

ANSWER:     Defendant admits the allegations contained in Paragraph 34.

35.     The Plaintiff was and is qualified for the job she held.

ANSWER:     Defendant denies the allegations contained in Paragraph 35.

36.     The Plaintiff adequately performed all of the functions that her job entailed.

ANSWER:     Defendant denies the allegations contained in Paragraph 36.

37.     Despite the Plaintiff's qualifications and performance she was discriminated against by the Defendant because of her sex.

ANSWER:     Defendant denies the allegations contained in Paragraph 37.

38.     The discrimination and disparate treatment suffered by the Plaintiff at the hands of the Defendant was intentional.

ANSWER:     Defendant denies the allegations contained in Paragraph 38.

39.     The Defendant has discriminated against the Plaintiff in the terms and conditions of her employment on the basis of sex.

ANSWER:     Defendant denies the allegations contained in Paragraph 39.

40.     The Plaintiff is now suffering and will continue to suffer as a result of the discriminatory employment practices engaged in and tolerated by the Defendant unless and until this Honorable Court grants relief.

ANSWER:     Defendant denies the allegations contained in Paragraph 40.

WHEREFORE, Defendant, VILLAGE OF RICHTON PARK, requests this Honorable Court enter judgment its favor and against the Plaintiff plus costs.

### COUNT IV
### RETALIATION-TITLE VII

1-40.   Plaintiff repeats and re-alleges paragraphs 1 through 40 of this Complaint as paragraphs 1 through 40 of Count IV, as though fully set forth herein.

ANSWER:     Defendant repeats and re-states its answers to paragraphs 1 through 21 and its answers to paragraphs 28 through 40 of this Complaint as its answers to paragraphs 1 through 21 and its answers to paragraphs 28 through 40 of Count IV as though fully set forth herein.  With regard to paragraphs 22 through 27, Defendant has separately moved to dismiss the same.

41.     After Plaintiff complained about the discrimination, Plaintiff was subjected to adverse reprisals, inclusive of, but not limited to, unfair discipline.

ANSWER:     Defendant denies the allegations contained in Paragraph 41.

42.     The adverse reprisals were in retaliation for having complained about the hostile work environment in violation of Title VII.

ANSWER:     Defendant denies the allegations contained in Paragraph 42.

43.     Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

ANSWER:     Defendant denies the allegations contained in Paragraph 43.

44. The Defendant's actions were willful and malicious and constituted a reckless indifference to Plaintiff's rights under Title VII.

ANSWER: Defendant denies the allegations contained in Paragraph 44.

45. As a result of the acts complained of herein, Plaintiff has suffered and will continue to suffer the effects of unlawful discrimination, extreme emotional distress and mental anguish, loss of career opportunities, loss of a job, damage to her reputation and professional development , financial loss, physical harm and loss of enjoyment of everyday life.

ANSWER: Defendant denies the allegations contained in Paragraph 45.

46. The conduct of the Defendant constitutes unlawful employment discrimination of the basis of sex and constitutes a violation of the Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by Title VII of the Civil Rights Act of 1991, and the Defendant is liable to the Plaintiff for civil relief and other damages for the violation of Plaintiff's rights.

ANSWER: Defendant denies the allegations contained in Paragraph 46.

WHEREFORE, Defendant, VILLAGE OF RICHTON PARK, requests this Honorable Court enter judgment its favor and against the Plaintiff plus costs.

## COUNT V
## VIOLATION OF THE FAMILY MEDIAL LEAVE ACT

47. Plaintiff repeats and re-alleges paragraphs 1 through 46 above as paragraphs 1 through 46 of Count V, as though fully set forth herein.

ANSWER: Defendant repeats and re-states its answers to paragraphs 1 through 21 and its answers to paragraphs 28 through 46 of this Complaint as its answers to paragraphs 1 through 21 and its answers to paragraphs 28 through 46 of Count V as though fully set

forth herein.  With regard to paragraphs 22 through 27, Defendant has separately moved to dismiss the same.

48.    Plaintiff had worked continuously for Defendants for more than twelve (12) months preceding her giving notice of her need for FMLA leave.

ANSWER:    Defendant admits that Plaintiff had worked continuously for Defendants for more than twelve (12) months; however, Defendant denies that Plaintiff provided Defendant notice of her need for FMLA leave.

49.    Plaintiff had worked more than 1250 hours during the twelve (12) month period preceding her giving said notice of her need for FMLA leave.

ANSWER:    Defendant admits that Plaintiff had worked continuously for Defendants for more than twelve (12) months; however, Defendant denies that Plaintiff provided Defendant notice of her need for FMLA leave.  Defendant is without knowledge or information sufficient to form a belief as to the truth of allegation that Plaintiff had worked more than 1250 hours during a twelve (12) month period preceding her giving said notice of her need for FMLA leave as Defendant denies that Plaintiff provided Defendant notice of her need for FMLA leave.

50.    Plaintiff was entitled to 480 hours of FMLA protected leave.

ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of allegation that Plaintiff was entitled to 480 hours of FMLA protected leave during a twelve (12) month period preceding her giving said notice of her need for FMLA leave as Defendant denies that Plaintiff provided Defendant notice of her need for FMLA leave.

51.    Plaintiff was denied FMLA coverage for the absences taken to obtain medical care/treatment for her serious health condition and/or that of her daughter.

ANSWER:    Defendant denies the allegations contained in Paragraph 51.

52.    Said denial was intentional, willful and designed to support discipline and the ouster of Plaintiff from her employment as a police officer with the Village of Richton Park.

ANSWER:    Defendant denies the allegations contained in Paragraph 52.

53.    Such conduct has caused Plaintiff financial harm, loss of pay and benefits and loss of future pay and benefits ion violation of the Family Medical Leave Act.

ANSWER:    Defendant denies the allegations contained in Paragraph 53.

WHEREFORE, Defendant, VILLAGE OF RICHTON PARK, requests this Honorable Court enter judgment its favor and against the Plaintiff plus costs.

## JURY DEMAND

1.    Defendant demands Jury Trial.

## AMENDED AFFIRMATIVE DEFENSES

1.    Plaintiff's claims are barred to the extent that she failed to timely file charge with Equal Employment Opportunity Commission and by the applicable statute of limitations.

2.    Plaintiff's claims are barred to the extent that she failed to exhaust her administrative remedies.

3.    Plaintiff's claim under the Family Medical Expense Act is barred to the extent that she failed to properly and/or timely provide notice of her intent to apply for leave.

4.      Plaintiff's claim under the Family Medical Expense Act is barred to the extent that she did not meet the requirements of the Family Medical Expense Act.

5.      Plaintiff's claims should be barred or reduced to the extent that she failed to mitigate her damages and/or should be offset to the extent of any interim earning.

6.      Plaintiff's claims are barred because Defendant's employment decisions regarding Plaintiff were based upon legitimate, non-discriminatory and non-retaliatory reasons.

7.      Plaintiff's Title VII claims are barred to the extent that they exceed the scope of her EEOC Charge.

8.      Plaintiff's Title VII claims are barred to the extent that they are premised upon alleged conduct that occurred more than 300 days prior to the date upon which she filed her EEOC Charge.

9.      Plaintiff is not entitled to punitive damages because Defendant made good faith efforts to comply with discrimination law.

10.     Plaintiff's Title VII claims are barred to the extent that they are premised upon alleged conduct that occurred after the date upon which she filed her EEOC Charge.

11.     Plaintiff's claim under the Family Medical Expense Act is barred because Defendant made good faith efforts to comply with the requirements of the Family Medical Expense Act and Defendant had reasonable grounds for believing that any act or omission taken was not in violation of the Family Medical Expense Act.

12.     In addition to the grounds set fourth in Defendants motion to dismiss, Plaintiff's sexual harassment claims are additionally barred by the affirmative defense to harassment liability articulated in Faragher v. City of Boca Raton, 524 U.S. 775 (1998)

and Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998) because Defendant (1) exercised reasonable care to prevent and correct promptly any sexually harassing behavior and (2) Plaintiff failed to take advantage of any preventive or corrective opportunities provided by Defendant to avoid harm.

13.    While Defendant denies the existence of harassment in the workplace, Plaintiff's claims are barred because Defendant neither knew nor should have known of the existence of harassment.

14    Plaintiff's claims for punitive damages are barred pursuant to immunity granted to Defendant under the Local Government and Governmental Employees Tort Immunity Act,. 745 ILCS 10/2-102.

WHEREFORE, Defendant, VILLAGE OF RICHTON PARK, requests this Honorable Court enter judgment its favor and against the Plaintiff plus costs.

Respectfully Submitted:

Dated: July 14, 2008          By:    /s/ John F. O'Reilly
                                     O'REILLY LAW OFFICES
                                     Attorneys for Defendant
                                     1751 S. Naperville Rd, #101
                                     Wheaton, IL  60187
                                     Telephone:  630/665-4444
                                     Attorney No. 6209668
                                     E-mail:  oreillylaw@msn.com

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


PATRICIA LOPARCO,                          )
                                           )
            Plaintiff,                     )
                                           )
      -vs-                                 )       No. 08 CV 2747
                                           )
VILLAGE OF RICHTON PARK                    )       Judge Samuel Der-Yeghiayan
                                           )       Magistrate Judge Nolan
            Defendant.                     )


**CERTIFICATE OF SERVICE**


TO:   Charles Siedlecki, Charles Siedlecki & Associates
      10540 S. Western Avenue, Suite 405, Chicago, IL 60643
      cts2110@comcast.net


      I hereby certify that on July 14, 2008, I electronically filed Defendant, Village of Richton
Park's, Answer and Amended Affirmative Defenses to the Plaintiff's Complaint at Law, with the
Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF
system which will send the Notice of Electronic Filing to the above-listed attorney.


                              By: /s/ John F. O'Reilly
                              O'REILLY LAW OFFICES
                              Attorneys for Defendants
                              1751 S. Naperville Rd, #101
                              Wheaton, IL  60187
                              Telephone:  630/665-4444
                              Attorney No. 6209668
                              E-mail:  oreillylaw@msn.com