IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA LOPARCO, ) | |
| ) | Case No. 08 C 2747 |
| Plaintiff, ) | |
| ) | Honorable Judge Der-Yeghiayan |
| ) | Judge Presiding |
| vs. ) | |
| ) | Magistrate Judge Nolan |
| VILLAGE OF RICHTON PARK ) | |
| ) | |
| Defendant. ) | **JURY DEMANDED** |

PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S AFFIRMATIVE DEFENSES No(s) 3, 4, 6, 9, 11, 13 and 14

Plaintiff, by and through her attorney, Charles Siedlecki, moves this Honorable Court pursuant to Fed. R. Civ. P. 12 (f) to Strike Defendant's Affirmative Defenses, 3, 4, 6, 9, 11, 13 and 14. In support of which Plaintiff states as follows:

BACKGROUND AND PROCEDURAL HISTORY

1. Plaintiff has pending a five-count Complaint against the Defendant Village of Richton Park. Counts I-IV allege violations of Title VII of the Civil Rights Act of 1964 as amended; Count V alleges violation of the Family Medical Leave Act..

2. On July 14, 2008, Defendant filed its Answer and Affirmative Defenses, as well as a Motion to Dismiss Count I (sexual harassment). Plaintiff brings this Motion to Strike within 10 days of that filing, as allowed under the Federal Rules of Civil Procedure.

3. Initially it should be noted that Defendant on July 14, 2008, filed two (2) Answers and Affirmative Defenses - which differ. Neither filing was withdrawn and the second filing

was made without leave of Court. For purposes of this Motion to Strike, Plaintiff addresses the second filing which included an additional Affirmative Defense. Plaintiff assumes that this was the intended Answer and that the first filing was inadvertent.

## MOTION TO STRIKE STANDARD

4. Upon proper motion, the District Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. *Fed. R. Civ. P. 12(f)*. The District follows a three-part test in examining affirmative defenses that are subjected to a motion to strike: (1) the matter must be properly pleaded as an affirmative defense; (2) the must be adequately pleaded under the requirements of *Fed. R. Civ. P. 8 and 9*; and (3) the matter must withstand a Rule 12(b)(6) challenge. Yash Raj Films (USA) Inc., v. Atlantic Video, 2004 U.S. Dist. LEXIS 9739, *7 (N.D. Ill. 2004); Renalds v. S.R.G. Rest. Group, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000); Bobbitt v. Victorian House, Inc., 532 F. Supp. 734 (N.D. Ill. 1982). When a motion to strike will "remove unnecessary clutter from the case, [motions to strike] serve to expedite, not delay. Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989).

## ARGUMENT

### I. Defendant's Affirmative Defenses

*Affirmative Defense No. 3:*   Plaintiff's claim under the Family Medical Expense Act is barred to the extent that she failed to properly and/or timely provide notice of her intent to apply for leave.

**Plaintiff's Response:**

The "Family Medical Expense Act" 750 ILCS 65/15 - a state law claim, is not at issue in this matter. The "Family Medical Leave Act", 29 § U.S.C. 2601 et seq, a federal statute is at

issue. Moreover, to the extent that the state statute impacts this federal question claim the Supremacy clause of Article IV, controls as state law cannot frustrate the enforcement of a federal law. Howlett v. Rose, 496 U.S. 356, 372, 110 L. Ed. 2d 332, 110 S. Ct. 2430 (1990). Affirmative defense No. 3, is irrelevant, impertinent, clutter and must be stricken.

*Affirmative Defense No. 4*:   Plaintiff's claim under the Family Medical Expense Act is barred to the extent that she did not meet the requirements of the Family Medical Expense Act.

**Plaintiff's Response**:

Again, the "Family Medical Expense Act" 750 ILCS 65/15 - a state law claim, is not at issue in this matter. The "Family Medical Leave Act", 29 § U.S.C. 2601 et seq, a federal statute is at issue. Moreover, to the extent that the state statute impacts this federal question claim the Supremacy clause of Article IV, controls as state law cannot frustrate the enforcement of a federal law. Howlett v. Rose, 496 U.S. 356, 372, 110 L. Ed. 2d 332, 110 S. Ct. 2430 (1990). Affirmative Defense No. 3, is irrelevant, impertinent, clutter and must be stricken.

*Affirmative Defense No. 6*:   Plaintiff's claims are barred because Defendant's employment decisions regarding Plaintiff were based upon legitimate, non-discriminatory and non-retaliatory reasons.

**Plaintiff's Response**:

This affirmative defense is an impermissible *conclusory* statement. Defendant has already put this matter at issue by denying certain allegations in its Answer (Deft's Answer ¶¶ 6-12 and 13), defendant not only need not but "cannot" raise these matters again via an affirmative defense. Menchaca v. Am. Med. Response of Illinois, Inc., 6 F. Supp. 2d 971, 973 (N.D. Ill. 1998) (holding that where plaintiff employee alleged discriminatory and retaliatory reasons for

her firing and defendant employer put those matters in issue by denials of those allegations, employer could not put those matters in issue again via an affirmative defense asserting that it "terminated Plaintiff's employment for legitimate business reasons"); Winding v. Pier Management Service, 1997 U.S. Dist. LEXIS 1012, (N.D. Ill. Feb. 4, 1997) (holding that affirmative defense that defendant terminated plaintiff's employment for "legitimate, non-discriminatory" reason is stricken as both unnecessary and inappropriate because this assertion was already put in issue by the defendant's denial in its answer).

*Affirmative Defense No. 9:*     Plaintiff is not entitled to punitive damages because Defendant made good faith efforts to comply with discrimination law.

**Plaintiff's Response**:

This affirmative defense is an impermissible conclusory statement. Defendant has already put this matter at issue by denying certain allegations in its Answer (Deft's Answer ¶¶ 6-12 and 13), defendant not only need not but "cannot" raise these matters again via an affirmative defense. Menchaca v. Am. Med. Response of Illinois, Inc., 6 F. Supp. 2d 971, 973 (N.D. Ill. 1998) (holding that where plaintiff employee alleged discriminatory and retaliatory reasons for her firing and defendant employer put those matters in issue by denials of those allegations, employer could not put those matters in issue again via an affirmative defense asserting that it "terminated Plaintiff's employment for legitimate business reasons"); Winding v. Pier Management Service, 1997 U.S. Dist. LEXIS 1012, (N.D. Ill. Feb. 4, 1997) (holding that affirmative defense that defendant terminated plaintiff's employment for "legitimate, non-

discriminatory" reason is stricken as both unnecessary and inappropriate because this assertion was already put in issue by the defendant's denial in its answer).

Moreover, while good faith is an affirmative defense which must be pleaded by the defendants in a 42 U.S.C. § 1983 action, this is not a § 1983 case. *See e.g.*, Gomez v. Toledo, 446 U.S. 635, 639-40, 64 L. Ed. 2d 572, 100 S. Ct. 1920 (1980) (holding that defendants must plead good faith as an affirmative defense in a 1983 action); *accord* Chavis v. Rowe, 643 F.2d 1281, 1288 (7th Cir. 1981); *accord* Pape v. Lerman, 1982 U.S. Dist. LEXIS 12365, (W.D. Wis. Feb. 17, 1982): *See also*, Renalds v. S.R.G. Restaurant Group, Chicago, LLC, 119 F. Supp. 2d 800 (N.D. Ill. 2000) (court's research uncovered no authority supporting defendant's assertion that "good faith" is an appropriate defense in a Title VII case).

Finally, Assertions that punitive damages are not recoverable or constitutional do not constitute affirmative defenses under Section 8(c). Kiswani v. Phoenix Sec. Agency, Inc., 2006 U.S. Dist. LEXIS 6997 (N.D. Ill. Feb. 22, 2006) Darrah, J.

*Affirmative Defense 11*:   Plaintiff's claim under the Family Medical Expense Act is barred because Defendant made good faith efforts to comply with the requirements of the Family Medical Expense Act and Defendant had reasonable grounds for believing that any act or omission taken was not in violation of the Family Medical Expense Act.

**Plaintiff's Response**:

Again, the "Family Medical Expense Act" 750 ILCS 65/15 - a state law claim, is not at issue in this matter.  The "Family Medical Leave Act", 29 § U.S.C. 2601 et seq, a federal statute is at issue. Moreover, to the extent that the state statute impacts this federal question claim the Supremacy clause of Article IV, controls as state law cannot frustrate the enforcement of a federal law. Howlett v. Rose, 496 U.S. 356, 372, 110 L. Ed. 2d 332, 110 S. Ct. 2430 (1990).

Moreover, Moreover, while good faith is an affirmative defense which must be pleaded by the defendants in a 42 U.S.C. § 1983 action, this is not a § 1983 case. *See e.g.*, Gomez v. Toledo, 446 U.S. 635, 639-40, 64 L. Ed. 2d 572, 100 S. Ct. 1920 (1980) (holding that defendants must plead good faith as an affirmative defense in a 1983 action); *accord* Chavis v. Rowe, 643 F.2d 1281, 1288 (7th Cir. 1981); *accord* Pape v. Lerman, 1982 U.S. Dist. LEXIS 12365, (W.D. Wis. Feb. 17, 1982).

*Affirmative Defense No. 13:* While Defendant denies the existence of harassment in the workplace, Plaintiff's claims are barred because Defendant neither knew nor should have known of the existence of harassment.

**Plaintiff's Response:**

Matters that clearly are not affirmative defenses should be stricken. Bobbitt, 532 F. Supp. 734, (N.D. Ill 1982). If the matter is put into issue by a denial, there is no need to insert a putative affirmative defense. Id at 737. Defendant has already put this at issue. (Deft's Answer ¶¶ 7, 10, 13).

**Affirmative Defense No. 14**: Plaintiff's claims for punitive damages are barred pursuant to the immunity granted to Defendant under the Local Government and Governmental Employee Tort Immunity Act,. 745 ILCS 10/2-102.

**Plaintiff's Response**:

This is incorrect. Federal law alone controls immunity determinations. Wood v. Strickland, 420 U.S. 308, 43 L. Ed. 2d 214, 95 S. Ct. 992 (1975). State immunity is irrelevant in federal question cases: Because of the Supremacy clause of Article IV, state law immunity cannot frustrate the enforcement of a federal law. Howlett v. Rose, 496 U.S. 356, 372, 110 L. Ed. 2d 332, 110 S. Ct. 2430 (1990). This is a federal question case as Plaintiff's claims arise under

42 U.S.C. § 2000(e) et seq. (Title VII); and 29 § U.S.C. 2601 et seq. (Family Medical Leave Act).

## CONCLUSION

The purpose of *Fed. R. Civ. P.* 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it. Servpro Indus. Inc. v. Schmidt, 905 F. Supp. 475, 483 (N.D. Ill. 1995). Rule 8(c) provides that a party must set forth affirmative defenses in a responsive pleading. These pleadings are subject to all pleading requirements of the Federal Rules of Civil Procedure. Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). A motion to strike made pursuant to Rule 12(f) is the appropriate means of removing "impertinent or redundant matter in any pleading and is the primary procedure for objecting to an insufficient defense." Van Schouwen v. Connaught Corp., 782 F. Supp. 1240, 1245 (N.D. Ill. 1991)

The Court may strike from any pleading any insufficient defense. *Fed. R. Civ. P.* 12(f). Affirmative defenses must set forth a "short and plain statement" of the basis for the defense. *Fed. R. Civ. P.* 8(a); *accord* Heller, 883 F.2d at 1294. An allegation must include either direct or inferential allegations respecting all material elements of the defense asserted. *See, e.g.,* Renalds v. S.R.G. Rest. Group, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000). Simply naming a legal theory without indicating how it is connected to the case at hand is not sufficient to withstand a motion to strike. Id. at 803. Defendant is required under *Fed. R. Civ. P.* 8(a), to set forth a short and plain statement of the basis for the defense. Defenses which, as noted herein, are nothing but bare legal conclusion are not sufficient. Heller Fin., Inc. v Midwhey Powder Co. 883 F. 2d 1286, 1294 (7th Cir. 1989). "A so-called affirmative defense that is surplusage, in that it merely raises matters already at issue under a denial, may be stricken." Bobbitt v. Victorian House, Inc., 532 F.

Supp. at 734, 736 (*quoting* 2A Moore's Federal Practice P 8.27(3) at 8-251)

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an order striking Defendant's Affirmative Defenses 3, 4, 6, 9, 11, 13 and 14, with prejudice.

        Respectfully Submitted,

        /s/  Charles Siedlecki

Charles Siedlecki & Associates, P.C.
10540 S. Western Ave. - Suite 405
Chicago, Illinois 60643
773/881-2535