IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA LOPARCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 08CV2747 |
| | ) | Judge Der-Yeghiayan |
| VILLAGE OF RICHTON PARK | ) | Magistrate Judge Nolan |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

**MOTION TO STRIKE
PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES**

NOW COMES the Defendant, VILLAGE OF RICHTON PARK, by and through their attorneys, O'REILLY LAW OFFICES, and as for their Motion to Strike the Plaintiff, PATRICIA LOPARCO's, request for punitive damages, states as follows:

1. Plaintiff has brought Counts I through IV of her Complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000(e), et seq. (Title VII). In her prayer for relief contained in Counts I through IV of her Complaint, Plaintiff requests this Court award punitive damages allowed by law. (See Plaintiff's Complaint attached as Exhibit A).

2. Defendant, Village of Richton Park, moves to strike Plaintiff's requests for punitive damages because it is statutorily exempt from punitive damages as a government. 42 U.S.C. § 1981a (2006). While § 1981a provides that the plaintiff in a Title VII suit "may recover compensatory and punitive damages as allowed in subsection (b), in addition to any relief authorized by [Title VII], subsection (b) exempts governments, government agencies or political subdivisions from liability for punitive damages: "A complaining party may recover punitive damages under this section against

a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1).

3. The Village of Richton Park, as a municipality, is immune from punitive damages unless immunity has been waived. <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); <u>Kolar v. County of Sangamon</u>, 756 F.2d 564, 567 (7th Cir.1985). Illinois has not waived immunity for its local governments. 745 ILCS 10/2-102.

4. Defendant asserts that all punitive and/or exemplary damages requested by Plaintiff should be stricken pursuant to 42 U.S.C. § 1981a(b)(1) and § 2-102 of the Illinois Tort Immunity Act. Section 2-102 specifically states: "Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party." 745 ILCS 10/2-102 (2006).

5. Therefore, the request for punitive damages against the Village of Richton Park should be stricken. *See* <u>Baker v. Runyon</u>, 114 F.3d 668, 671 (7th Cir.1997) (holding that punitive damages in Title VII cases are unavailable against government agencies); and see <u>Johnson v. Joliet Junior College</u>, 2007 WL 1119215 N.D.Ill.,2007; <u>Anderson v. Board of Education of City of Chicago</u>, N.D. Ill.2001, 169 F.Supp.2d 864; and <u>Adams v. City of Chicago</u>, N.D. Ill.1994, 865 F.Supp. 445.

WHEREFORE, the Defendant, VILLAGE OF RICHTON PARK, respectfully requests this Honorable Court enter an order granting its motion to strike Plaintiff's request for punitive damages.

Respectfully Submitted:

Dated: July 23, 2008    By:    /s/ John F. O'Reilly
O'REILLY LAW OFFICES
Attorneys for Defendant
1751 S. Naperville Rd, #101
Wheaton, IL  60187
Telephone:  630/665-4444
Attorney No. 6209668
E-mail:  oreillylaw@msn.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA LOPARCO, ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | Honorable Judge |
| ) | |
| vs. ) | |
| ) | Magistrate Judge |
| VILLAGE OF RICHTON PARK, ) | FILED |
| ) | MAY 12, 2008   YM |
| Defendant. ) | 08CV2747 |
| | JUDGE DER-YEGHIAYAN |
| | MAGISTRATE JUDGE NOLAN |

**COMPLAINT**

**NOW COMES,** the Plaintiff Patricia Loparco, by and through her attorney Charles Siedlecki and complaining against Defendant Village of Richton Park, states as follows:

*JURISDICTION AND VENUE*

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000(e),et seq. (Title VII): The Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2601 et seq, and the Civil Rights Attorney's Fee's Awards Act of 1976, 42 U.S.C. § 1988. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, 1343. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391 (b) and (c), and 42 U.S.C. § 2000e-5(f)(3), for the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

EXHIBIT A

## PARTIES

2. Plaintiff, Patricia Loparco, (hereinafter sometimes referred to as "Plaintiff"), is a citizen of the United States of America and a resident of the State of Illinois.

3. Defendant Village of Richton Park, (hereinafter sometimes referred to as "Defendant"), provide services, including a police department, for the citizens of its village. Defendant is an employer within the meaning of Title VII and is located at 4455 West Sauk Trail, Richton Park, Illinois 60471.

## FACTS

4. Plaintiff Loparco was hired by Defendant on September 12, 1996, assigned to the position of Patrol Officer. Plaintiff is a white female.

5. At that time, Plaintiff was one of two females employed within the police department.

6. Plaintiff complained to defendant of sex harassment/discrimination. Yet, no corrective action was taken.

7. Plaintiff complained internally of the sexually harassing conduct of employee/agents Vito Mannino and William Sander both of whom were supervisors within the Defendant's police department. Specifically, Plaintiff complaints include but are not limited to the following:

   a. being forced to attend roll calls at which film clips of a woman performing oral sex on a man were played;

   b. being directed to change clothes in the men's locker room;

   c. being exposed to men in varying states of undress and often completely naked;

  d. plaintiff while in uniform at roll call and in front of her co-workers, was referred to as a "whore," a "bitch", told by male officers to "suck their dicks;"

  e. being exposed to discussions at roll call regarding pornographic videos the officers had seen and sexual acts they have performed with other women. Supervisors were present and took part in the discussion;

  f. having officers grab their crotch and tell Plaintiff "this is for you";

  g. plaintiff was subjected to untoward, demeaning and sexually offensive comments regarding her butt;

  h. being told to cook and bake food to bring into the workplace.

8. Plaintiff was meeting the reasonable work expectations of her employer, Village of Richton Park Police Department. Yet, after Plaintiff complained internally and to the EEOC she was requested by Mr. Mannino, on four different occasions to resign her position.

9. After filing her complaints with Defendant, Plaintiff was subjected to different terms and conditions of employment which were not applied to similarly situated male employees, including but not limited to the following:

  a) Plaintiff was targeted for discipline not applied to male employees.

  b) Plaintiff's work was scrutinized to a degree not applied to similarly situated male employees.

  c) Plaintiff was more harshly disciplined than similarly situated male employees.

  d) Plaintiff was subjected to multiple disciplines for the same alleged infraction.

  e) The above describe harassment/discrimination intensified.

  f) Plaintiff was disciplined without basis for allegedly abusing sick days. Plaintiff did not exceed the allotted number of sick days to which she was entitled and Plaintiff was not granted her rights pursuant to the Family Medical leave Act regarding these absences.

  g) Plaintiff was informed by supervisory personnel that they had been ordered to "watch" Plaintiff and "try to write her up for anything they could", this order came from/by Mr. Mannino, who was now Chief of Police.

10. The above actions were directed at Plaintiff by co-workers and supervisory personnel of the Defendant this conduct was intentional, willful, and deliberately designed to harm Plaintiff.

11. On or about July 2007, Plaintiff was suspended and subsequently terminated on false and pre-textual charges.

12. None of the male officers sat that time had suffered the above harassment, discipline, or were suspended for being late to work.

13. Defendant further violated Plaintiff's rights in that:

  a. It failed to provide Plaintiff with employment conditions and relationships where she could work safely, free from harassment and discrimination.

  b. It failed to respond promptly to Plaintiff's complaints of discrimination.

  c. It failed to thoroughly investigate Plaintiff's complaints of discrimination.

  d. It failed to take appropriate action when it knew or should have known of the discriminatory practices.

  e. It failed to discharge, suspend, reprimand or otherwise discipline the supervisors,

        who either perpetrated, acquiesced in or ignored the discrimination occurring within Plaintiff's workplace.

14. Such conduct has denied Plaintiff's civil rights guaranteed by the Laws of the United States of America.

15. Plaintiff was retaliated against for having complained of discrimination/harssment within the workplace.

16. The discrimination suffered by Plaintiff materially altered the terms and conditions of her employment because of her gender.

17. On January 19, 2007, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") Charge No. 440-2007-02379, indicating sex discrimination and retaliation.

18. On February 15, 2008, the EEOC forwarded Plaintiff's request for a Notice of Right To Sue to the U.S. Department of Justice.

19. On March 7, 2008, the U.S. Department of Justice issued Plaintiff a Notice of Right to Sue.

20. Plaintiff has met all procedural prerequisites to bringing this action.

21. Plaintiff brings this action within ninety (90) days of receipt of her Notice of Right to Sue.

### COUNT I
### SEXUAL HARASSMENT

1-21. Plaintiff repeats and re-alleges Paragraphs 1 through 21 of this Complaint as paragraphs 1 through 21 of Count I as though fully set forth herein.

22. The Defendant has engaged in sexual harassment of the Plaintiff maliciously and with

reckless indifference to Plaintiff's rights under Title VII.

23. That the aforesaid treatment of Plaintiff was because of her sex, female, in violation of Title VII, as amended.

24. That Defendant created and allowed a hostile work environment to exist for Plaintiff.

25. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendants' illegal conduct.

26. As a result of the acts complained of herein, Plaintiff has suffered and will continue to suffer the effects of unlawful discrimination, extreme emotional distress and mental anguish, loss of career opportunities, los of a job, damage to her reputation and professional development, financial loss, physical harm and loss of the enjoyment of everyday life.

27. The conduct of the Defendant constitutes unlawful employment discrimination on the basis of sex and constitutes a violation of the Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by Title VII of the Civil Rights Act of 1991, and the Defendant is liable to the Plaintiff for civil relief and other damages for the violation of Plaintiff's rights.

**WHEREFORE**, Plaintiff, Patricia Loparco, respectfully prays this Honorable Court award Plaintiff the following relief:

A. Award compensatory damages against the Defendant in an amount in excess of the amount of three hundred thousand dollars ($300,000.00)

B. Award the Plaintiff back pay, pre-judgment interest, lost benefits, reinstatement or front-pay, in an effort to make Plaintiff whole.

  C. Award punitive damages as allowed by law.

  D. Award reasonable attorney's fees and costs of this suit.

  E. Such other relief as this Honorable Court deems just under the circumstances.

*COUNT II*
*SEX DISCRIMINATION - TITLE VII*

1-27. Plaintiff repeats and re-alleges Paragraphs 1 through 27 of this Complaint as paragraphs 1 through 27 of Count II, as though fully set forth herein.

28. The above-referenced conduct as indicated herein, are discriminatory within the meaning of Title VII.

29. That the actions and conduct directed toward Plaintiff by Defendant reveals a gender-bias toward female employees within the workplace in violation of Title VII.

30. Plaintiff has suffered and will continue to suffer irreparable injury caused by defendant's illegal conduct.

31. Defendant's actions were willful and malicious and constituted a reckless indifference to Plaintiff's rights under Title VII.

32. As a result of the acts complained of herein, Plaintiff has suffered and will continue to suffer the effects of unlawful discrimination, extreme emotional distress and mental anguish, loss of career opportunities, los of a job, damage to her reputation and professional development, financial loss, physical harm and loss of the enjoyment of everyday life.

33. The conduct of the Defendant constitutes unlawful employment discrimination on the basis of sex and constitutes a violation of the Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by Title VII of the Civil Rights Act of 1991, and

the Defendant is liable to the Plaintiff for civil relief and other damages for the violation of Plaintiff's rights.

**WHEREFORE**, Plaintiff, Patricia Loparco, respectfully requests this Honorable Court award Plaintiff:

    A.    Award compensatory damages against the Defendant in an amount in excess of the amount of three hundred thousand dollars ($300,000.00)

    B.    Award the Plaintiff back pay, pre-judgment interest, lost benefits, reinstatement or front-pay, in an effort to make Plaintiff whole.

    C.    Award punitive damages as allowed by law.

    D.    Award reasonable attorney's fees and costs of this suit.

    E.    Such other relief as this Honorable Court deems just and proper under the circumstances.

## COUNT III
## DISPARATE TREATMENT

1-33.    Plaintiff repeats and re-alleges Paragraphs 1 through 33 of this Complaint as paragraphs 1 through 33 of Count III, as though fully set forth herein.

34.    The Plaintiff is a white female.

35.    The Plaintiff was and is qualified for the job she held.

36.    The Plaintiff adequately performed all of the functions that her job entailed.

37.    Despite the Plaintiff's qualifications and performance she was discriminated against by the Defendant because of her sex.

38.    The discrimination and disparate treatment suffered by the Plaintiff at the hands of the

Defendant was intentional.

39. The Defendant has discriminated against the Plaintiff in the terms and conditions of her employment on the basis of sex.

40. The Plaintiff is now suffering and will continue to suffer as a result of the discriminatory employment practices engaged in and tolerated by the Defendant unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff, Patricia Loparco, respectfully requests this Honorable Court award Plaintiff:

    A. Award compensatory damages against the Defendant in an amount in excess of the amount of three hundred thousand dollars ($300,000.00)

    B. Award the Plaintiff back pay, pre-judgment interest, lost benefits, reinstatement or front-pay, in an effort to make Plaintiff whole.

    C. Award punitive damages as allowed by law.

    D. Award reasonable attorney's fees and costs of this suit.

    E. Such other relief as this Honorable Court deems just and proper under the circumstances.

## COUNT IV
### RETALIATION - TITLE VII

1-40. Plaintiff repeats and re-alleges Paragraphs 1 through 40 of this Complaint as paragraphs 1 through 40 of Count IV, as though fully set forth herein.

41. After Plaintiff complained about the discrimination, Plaintiff was subjected to adverse reprisals, inclusive of, but not limited to, unfair discipline.

42. The adverse reprisals were in retaliation for having complained about the hostile work environment in violation of Title VII.

43. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

44. The Defendant's actions were willful and malicious and constituted a reckless indifference to Plaintiff's rights under Title VII.

45. As a result of the acts complained of herein, Plaintiff has suffered and will continue to suffer the effects of unlawful discrimination, extreme emotional distress and mental anguish, loss of career opportunities, loss of a job, damage to her reputation and professional development, financial loss, physical harm and loss of the enjoyment of everyday life.

46. The conduct of the Defendant constitutes unlawful employment discrimination on the basis of sex and constitutes a violation of the Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by Title VII of the Civil Rights Act of 1991, and the defendant is liable to the Plaintiff for civil relief and other damages for the violation of Plaintiff's rights.

**WHEREFORE**, Plaintiff, Patricia Loparco, respectfully requests this Honorable Court award Plaintiff:

    A. Award compensatory damages against the Defendant in an amount in excess of the amount of three hundred thousand dollars ($300,000.00)

    B. Award the Plaintiff back pay, pre-judgment interest, lost benefits, reinstatement or front-pay, in an effort to make Plaintiff whole.

  C. Award punitive damages as allowed by law.

  D. Award reasonable attorney's fees and costs of this suit.

  E. Such other relief as this Honorable Court deems just and proper under the circumstances.

## COUNT V
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

47. Plaintiff repeats and re-alleges paragraphs 1 through 47 above as paragraphs 1 through 47 of Count V, as through fully set forth herein.

48. Plaintiff had worked continuously for Defendants for more than twelve (12) months preceding her giving notice of her need for FMLA leave.

49. Plaintiff had worked more than 1250 hours during the twelve (12) month period preceding her giving said notice of her need for FMLA leave.

50. Plaintiff was entitled to 480 hours of FMLA protected leave.

51. Plaintiff was denied FMLA coverage for the absences taken to obtain medical care/treatment for her serious health condition and/or that of her daughter.

52. Said denial was intentional, willful and designed to support discipline and the ouster of Plaintiff from her employment as a police officer with the Village of Richton Park.

53. Such conduct has caused Plaintiff financial harm, los of pay and benefits and loss of future pay and benefits in violation of the Family Medical Leave Act.

**WHEREFORE,** Plaintiff respectfully prays this Honorable Court award the following relief:

  A. Monetary damages to compensate Plaintiff for all lost salary and benefits from the time Defendant's improper conduct commenced to the time of the award, plus all

-11-

        accrued interest thereon;

B.    Monetary damages to compensate Plaintiff for all future lost salary and benefits;

C.    Liquidated damages equal to an amount awarded hereunder, pursuant to FMLA § 107(a)(1)(A)(iii);

D.    Reasonable attorney's fees, expert witness fees and costs of litigation and costs of this suit;

E.    Satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and this Court shall deem proper under the circumstances.

                                                                    Respectfully submitted,

                                                                    /s/ Charles Siedlecki

Charles Siedlecki and Associates, P.C.
10540 South Western Avenue - Suite 405
Chicago, Illinois 60643
(773) 881-2535