IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA LOPARCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 08CV2747 |
| | ) | Judge Der-Yeghiayan |
| VILLAGE OF RICHTON PARK | ) | Magistrate Judge Nolan |
| | ) | |
| Defendant. | ) | |

## DEFENDANT, VILLAGE OF RICHTON PARK'S, PARTIAL RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES the Defendant, VILLAGE OF RICHTON PARK, by and through

its attorneys, O'REILLY LAW OFFICES, and pursuant to Fed. R. Civ. P. 12(b)(6),

hereby moves to dismiss portions of the Plaintiff, PATRICIA LOPARCO's, First

Amended Complaint at Law, and in support thereof, states as follows:

### Introduction

On May 12, 2008, Plaintiff filed her original complaint. (See Plaintiff's Original

Complaint attached as Exhibit A). In light of pending motions to dismiss and to strike,

Plaintiff filed her First Amended Complaint pursuant to Title VII of the Civil Rights Act

of 1964, as amended 42 U.S.C. § 2000(e), et seq. (Title VII) and the Family and Medical

Leave Act ("FMLA") 29 U.S.C. § 2601 et seq. (See ¶1 of Plaintiff's First Amended

Complaint attached as Exhibit B).

In her First Amended Complaint, Plaintiff brings Count I for alleged sexual

harassment, Count II for alleged sex discrimination, Count III for alleged disparate

treatment, Count IV for alleged retaliation, and Count V for an alleged violation of the

Family Medical Leave Act. Plaintiff also asserts ancillary and pendant jurisdiction over

related state claims; however, Plaintiff has not clearly identified or set forth any state law claims separate and apart from her federal law claims. (See ¶1 of Plaintiff's First Amended Complaint attached as Exhibit B).

Plaintiff alleges in her First Amended Complaint that on January 19, 2007, she filed a timely charge of discrimination with the Equal Employment Opportunity Commission, EEOC Charge *No. 440-2007-02379*, indicating sex discrimination and retaliation. (See ¶ 17 of Plaintiff's First Amended Complaint attached hereto as Exhibit B and EEOC Charge *No. 440-2007-02379,* attached hereto as Exhibit C).

## **Standard of Review**

 Dismissal under Rule 12(b)(6) is proper when it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. <u>Conley v. Gibson</u>, 355 U.S. 519, 520-21 (1957). For the purposes of a 12(b)(6) motion, courts accept as true all well-pleaded allegations of the complaint and draw all reasonable inferences in favor of the plaintiff. <u>McMillan v. Collection Prof'ls, Inc.</u>, 455 F.3d 754, 758 (7th Cir.2006). "While in general, consideration of matters outside the pleadings is improper without conversion of a 12(b)(6) motion into a motion for summary judgment, an EEOC charge that a defendant attaches to a motion to dismiss may be considered if they are referred to in the plaintiff's complaint and are central to plaintiff's claim. Fed.R.Civ.P. 12(b)." <u>Delgado v. Certified Grocers Midwest, Inc.</u>, 2006 WL 2873215, (N.D.Ill. October 05, 2006, NO. 06 C 2107) *relying upon* <u>Rosenblum v. Travelbyus .com Ltd.</u>, 299 F.3d 657, 661-62 (7th Cir.2002) and <u>E.E.O.C. v. Concentra Health Services, Inc.</u>, 2006 WL 2024240 (N.D.Ill., July 12, 2006, No. 05 C 1109) (See Westlaw cited caselaw, attached as Exhibit D).

### Alleged Facts

In her First Amended Complaint, Plaintiff alleges that she complained of sex harassment/discrimination. (See ¶ 7, 11 and 17 of Plaintiff's Complaint attached as Exhibit A). Plaintiff has alleged that since her complaint of discrimination on April 24, 2001, she was subjected to disciplinary actions for violations for which male counterparts were not disciplined. (See EEOC Charge *No. 440-2007-02379* attached hereto as Exhibit C). Specifically, Plaintiff alleges that on January 5, 2007, she was suspended pending a hearing for reporting late to work three times during 2006. (See ¶11 of Plaintiff's First Amended Complaint attached as Exhibit B and EEOC Charge *No. 440-2007-02379* attached hereto as Exhibit C). In her original complaint, Plaintiff established that she was terminated approximately seven months later in July of 2007. (See ¶11 of Plaintiff's original Complaint attached as Exhibit A). In her First Amended Complaint, Plaintiff seeks redress for allegedly suffering "extreme emotional distress and mental anguish, loss of career opportunities, loss of a job, damage to her reputation and professional development, financial loss, physical harm and loss of enjoyment of everyday life." (See ¶¶ 26, 32, and 45 of Plaintiff's First Amended Complaint attached as Exhibit B).

### Argument

**A.  Plaintiff failed to exhaust the necessary administrative remedy by bringing an EEOC charge related to her termination in July of 2007; and further, any such claim premised upon her termination or seeking damages for "loss of job" which occurred in July of 2007 is time barred.**

Before bringing a Title VII suit in federal court, a plaintiff must first file a timely charge with the EEOC alleging the same claims as those alleged in the complaint. Babrocky v. Jewel Food Co., 773 F.2d 857, 863 (7th Cir.1985). The purpose of this requirement is to provide the employer with notice of the claim and to give the parties the

opportunity to settle the issue without resort to the courts. <u>Rush v. McDonald's Corp.</u>, 966 F.2d 1104, 1110 (7th Cir.1992).

If a plaintiff does not file a charge concerning a discrete act of discriminatory conduct within 300 days of its occurrence, her claim is time-barred and she may not recover.  42 U.S.C. § 2000e-5(e)(1); <u>National Passenger RR v. Morgan</u>, 536 U.S. 101, 110, 113 & 114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); *see also* <u>Roney v. Illinois Dep't of Trans.</u>, 474 F.3d 455, 460 (7th Cir.2007).

Since Plaintiff filed her only EEOC Charge on January 19, 2007, her claim premised upon her termination in July of 2007 is barred because it is not referenced within and could not possibly be reasonably related to the allegations of her EEOC Charge which she filed on January 19, 2007, seven months before her termination. Further, since she has not filed an EEOC charge regarding termination in July of 2007 and more than 300 days have passed, she is time-barred from doing so.  Therefore, this Court should dismiss her Complaint to the extent that it seeks remedy for any alleged adverse employment conduct which post-dates her EEOC Charge filed on January 19, 2007, including but not limited to her termination in July of 2007.  This Court should dismiss any claim seeking remedy for "loss of job" or any damages allegedly suffered following the conclusion of Plaintiff's suspension in January of 2007.  <u>Roney v. Illinois Dep't of Trans.</u>, 474 F.3d 455, 460 (7th Cir.2007).

**B.      Plaintiff's claims predicated upon discrete acts that occurred in April of 2001 or at any other time prior to the 300 days period before she filed her EEOC charge on January 19, 2007, are time barred.**

To the extent that Plaintiff's First Amended Complaint contemplates alleged adverse employment actions predating the filing of her EEOC Charge on January 19,

2007, this Court should dismiss Plaintiff's claims as being time-barred.  Roney v. Illinois Dep't of Trans., 474 F.3d 455, 460 (7th Cir.2007).  In her charge, Plaintiff references events that occurred as far back as April of 2001.  See EEOC Charge *No. 440-2007-02379* attached hereto as Exhibit C).  As such, any claims predicated upon these events, should be found to be time-barred.

**C.    Plaintiff claims related to sexual harassment or hostile work environment are barred because she failed to exhaust the necessary administrative remedies by including them in her EEOC charge of January 19, 2007 and any claims premised upon alleged sexual harassment or hostile work environment which occurred following her filing of her January 19, 2007, EEOC Charge and prior to her July 2007 termination would be time-barred.**

A plaintiff may not bring claims that were not included in her charge that she filed with the Equal Employment Opportunity Commission, Kersting v. Wal-Mart, Inc., 250 F.3d 1109, 1118 (7th Cir.2001), and only claims that are "like or reasonably related to the allegations of the charge and growing out of such allegations" may be brought in the federal court complaint. Jenkins v. Blue Cross Mutual Hospital Insurance, Inc., 538 F.2d 164, 167 (7th Cir.1976).

Since Plaintiff's only EEOC Charge, filed on January 19, 2007, exclusively contemplates sex discrimination and retaliation based upon complaints of discrimination, this Court should dismiss Count I of Plaintiff's complaint seeking remedy for alleged acts of sexual harassment as it is not included in her EEOC charge and is not like or reasonably related to the allegations of the charge or growing out of such allegations. Further, to the extent Plaintiff's First Amended Complaint purports to bring a hostile work environment claim, this too should be barred as it is not part of the EEOC Charge filed by Plaintiff in this case.  Kersting v. Wal-Mart, Inc., 250 F.3d 1109, 1118 (7th Cir.2001) citing Conley v. Village of Bedford Park, 215 F.3d 703, 710 (7th Cir.2000).

Finally, any claims premised upon conduct following her EEOC Charge of January 19, 2007 and pre-dating her termination in July of 2007 would be time-barred because more than 300 days have elapsed since her termination in July of 2007. 42 U.S.C. § 2000e-5(e)(1).

**D.    Plaintiff's First Amended Complaint, to the extent Plaintiff intends to set forth state law claims, should be barred by the one-year statue of limitations contained in the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/8-101.**

In Plaintiff's First Amended Complaint, she seeks to invoke the ancillary and pendant jurisdiction of this Court for state law claims. (See ¶1 of Plaintiff's First Amended Complaint attached as Exhibit B). It is difficult to identify precisely which state law claims Plaintiff intends to set forth. In any event, to the extent that Plaintiff intends to set forth any state law claims, said claims would be barred by the one year limitations of actions period found in the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/8-101 ("Tort Immunity Act"). As Plaintiff was no longer employed with Defendant as of July 9, 2007, more that one year would have expired prior to her filing her Amended Complaint on July 29, 2008. Therefore, to the extent that Plaintiff intends to bring any state law cause of action in her First Amended Complaint, said actions should be time-barred.

**E.    Plaintiff's First Amended Complaint, to the extent Plaintiff intends to set forth state law claims against the Village of Richton Park, they should be dismissed pursuant to section 2-109 of the Tort Immunity Act.**

745 ILCS 10/2-109 of the Illinois Tort Immunity Act reads, "A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." Here, Plaintiff has not brought any cause of action against any

individual employee of the Village of Richton Park; and therefore, the Village should not be held liable for any state law claims where none of its employees could be held liable.

**F.      Plaintiff's state law claims against Richton Park are preempted by the Illinois Human Rights Act; and therefore, this Court lacks subject matter jurisdiction over any state law claims.**

The Illinois Human Rights Act preempts common law tort claims that are "inextricably linked" to civil rights violations covered by the Act. <u>Maksimovic v. Tsogalis</u>, 687 N.E.2d 21, 23 (1997); <u>Tucker v. Cassiday. Schade & Gloor</u>, 2000 WL 968828 at *5 (N.D. Ill. July 13, 2000). A tort claim is "inextricably linked" to a civil rights violation where the plaintiff cannot "establish the necessary elements of the tort independent of any legal duties created by the Illinois Human Rights Act." <u>Maksimovic</u>, 687 N.E.2d at 24. Preemption occurs where the "legal bases," as opposed to the factual bases, of the tort claim and the civil rights violation are inextricably linked. <u>Smith v. Chicago Park District</u>, 1999 WL 33883 at *3 (N.D. Ill. Jan. 1999). Federal courts lack subject matter jurisdiction over tort claims preempted by the Illinois Human Rights Act. <u>Tucker</u>, 2000 WL 968828 at *5; 775 ILCS 5/8-111(C).

In this case, any state law claims against Richton Park for which Plaintiff seeks pendant jurisdiction are "inextricably linked" to her sexual harassment and sex discrimination claims and thus are preempted.  As there are no separate facts setting forth independent bases for state law claims the only logical conclusion would be to find that any such state law claims would be premised upon the same facts and conduct as the Title VII claims.  Richton Park's duty under Illinois law to prevent workplace harassment and discrimination arises only because of the mandates of the Illinois Human Rights Act. Independent of the Illinois Human Rights Act, Richton Park has no duty to prevent

workplace harassment or discrimination under Illinois law. See e.g. <u>Thomas v. L 'Eggs Prods.. Inc.</u>, 13 F.Supp.2d 806, 810 (C.D. Ill. 1998) (finding plaintiffs battery claim inextricably linked to her sexual harassment claim because "the only theory which would allow [plaintiff] to hold the [defendant employer] liable for [the alleged harasser's) battery is through the sexual harassment provision of the [Illinois Human Rights] Act."); <u>Smith</u>, 1999 WL 33883 at *3 (finding that retaliatory discharge claim, which was premised on allegation that plaintiff was discharged for complaining about harassment and discrimination, was preempted by anti-retaliation provisions of the Illinois Human Rights Act). Plaintiff has not alleged any conduct by Richton Park other than conduct expressly prohibited by the Illinois Human Rights Act. See e.g. <u>Smith</u>, 1999 WL 33883 at *5 (intentional infliction claim preempted because "plaintiff does not allege any mistreatment distinct from the discriminatory misconduct.")   Since any state law claims for which Plaintiff seeks pendant jurisdiction would necessarily "arise out of the same operative facts and circumstances" as her harassment and discrimination claims, they should be barred as preempted.

**G.     To the extent that Plaintiff seeks to set forth a claim for intentional infliction of emotional distress against Richton Park, it should be dismissed because Plaintiff has failed to allege conduct that is sufficiently severe to establish this claim under Illinois law.**

In paragraph 1 of her First Amended Complaint, Plaintiff seeks this Court's ancillary and pendant jurisdiction over state law claims and in paragraphs 26, 34, and 45, Plaintiff alleges that the Defendant's conduct caused her extreme emotional and mental anguish and damage to her reputation.  To the extent that Plaintiff seeks to set forth a claim for intentional infliction of emotional distress against Richton Park, it should be

dismissed because Plaintiff has failed to allege conduct that is sufficiently severe to establish this claim under Illinois law. To successfully plead intentional infliction of emotional distress, a plaintiff must show the following:

> (1) extreme and outrageous conduct by [the defendant]; (2) intent to cause, or a reckless disregard of the probability of causing, emotional distress; (3) that [the plaintiff] suffered severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by [the defendant's) outrageous conduct. Figueroa v. City of Chicago, 2000 WL 283080 (N.D. III. Mar. 3, 2000).

In the employment context, courts require that a plaintiff show particularly egregious or outrageous conduct in order to state an intentional infliction claim because, in employment situations, personality conflicts, job performance evaluations, or job transfers are unavoidable and often result in stress. However, if such stress formed the basis for the tort of intentional infliction of emotional distress, virtually every employee would have a cause of action. *id.* Where a plaintiff fails to allege conduct that is sufficiently severe or outrageous, dismissal of the plaintiff's intentional infliction claim under Rule 12(b)(6) is warranted. Rushing v. Gleeson. Sklar, Sawyers & Cumpata, 2000 WL 555506 (N.D. Ill. May 4, 2000).

**H.      To the extent that Plaintiff asserts state law claims premised upon alleged damage to her reputation, said claims are barred by Section 2-107 of the Tort Immunity Act 745 ILCS 10/2-107.**

Section 2-107 of the Act provides that a local public entity is not liable for injury caused by any action of its employees that is libelous or slanderous or for the provision of oral or written information. 745 ILCS 10/2-107 (West 2000). Therefore, to the extent that Plaintiff purports to assert any type of state law defamation claim, said claim would be barred by the Tort Immunity Act.

WHEREFORE, the Defendant, VILLAGE OF RICHTON PARK, respectfully requests this Honorable Court enter an order granting its partial motion to dismiss, and specifically finding that Plaintiff's claims premised upon her "loss of job"/termination in July of 2007 and/or any alleged adverse employment conduct which post-dates her EEOC Charge filed on January 19, 2007 are barred; that Count I of Plaintiff's Complaint seeking remedy for alleged acts of sexual harassment and any claims for hostile work environment are barred; that Plaintiff's claims predicated upon alleged adverse employment actions which pre-date the filing of her EEOC Charge on January 19, 2007 by more than 300 days are barred and that any and all state law claims are barred and/or preempted.

Respectfully Submitted:

Dated: August 18, 2008

By:     /s/ John F. O'Reilly
        John F. O'Reilly
        O'REILLY LAW OFFICES
        Attorneys for Defendant
        1751 S. Naperville Rd, #101
        Wheaton, IL  60187
        Telephone:  630/665-4444
        Attorney No. 6209668
        E-mail:  oreillylaw@msn.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA LOPARCO, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | Honorable Judge |
| | ) | |
| vs. | ) | |
| | ) | Magistrate Judge |
| VILLAGE OF RICHTON PARK, | ) | FILED |
| | ) | MAY 12, 2008              YM |
| Defendant. | ) | 08CV2747 |
| | | JUDGE DER-YEGHIAYAN |

**COMPLAINT** MAGISTRATE JUDGE NOLAN

**NOW COMES,** the Plaintiff Patricia Loparco, by and through her attorney Charles

Siedlecki and complaining against Defendant Village of Richton Park, states as follows:

### *JURISDICTION AND VENUE*

1.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended

42 U.S.C. § 2000(e),et seq. (Title VII):  The Family and Medical Leave Act ("FMLA") 29

U.S.C. § 2601 et seq, and the Civil Rights Attorney's Fee's Awards Act of 1976, 42

U.S.C. § 1988. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. §

1331, 1343. This action properly lies in the Northern District of Illinois, Eastern Division,

pursuant to 28 U.S.C. § 1391 (b) and (c), and 42 U.S.C. § 2000e-5(f)(3), for the

employment practices hereafter alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Northern District of Illinois,

Eastern Division.

**EXHIBIT A**

### *PARTIES*

2.    Plaintiff, Patricia Loparco, (hereinafter sometimes referred to as "Plaintiff"), is a citizen of the United States of America and a resident of the State of Illinois.

3.    Defendant Village of Richton Park , (hereinafter sometimes referred to as "Defendant"), provide services, including a police department, for the citizens of its village.  Defendant is an employer within the meaning of Title VII and is located at 4455 West Sauk Trail, Richton Park, Illinois 60471.

### FACTS

4.    Plaintiff Loparco was hired by Defendant on September 12, 1996, assigned to the position of Patrol Officer. Plaintiff is a white female.

5.    At that time, Plaintiff was one of two females employed within the police department.

6.    Plaintiff complained to defendant of sex harassment/discrimination.  Yet, no corrective action was taken.

7.    Plaintiff complained internally of the sexually harassing conduct of employee/agents Vito Mannino and William Sander both of whom were supervisors within the Defendant's police department.  Specifically, Plaintiff complaints include but are not limited to the following:

    a.    being forced to attend roll calls at which film clips of a woman performing oral sex on a man were played;

    b.    being directed to change clothes in the men's locker room;

    c.    being exposed to men in varying states of undress and often completely naked;

    d.     plaintiff while in uniform at roll call and in front of her co-workers, was referred to as a "whore," a "bitch", told by male officers to "suck their dicks;"

    e.     being exposed to discussions at roll call regarding pornographic videos the officers had seen and sexual acts they have performed with other women. Supervisors were present and took part in the discussion;

    f.     having officers grab their crotch and tell Plaintiff "this is for you";

    g.     plaintiff was subjected to untoward, demeaning and sexually offensive comments regarding her butt;

    h.     being told to cook and bake food to bring into the workplace.

8.    Plaintiff was meeting the reasonable work expectations of her employer, Village of Richton Park Police Department. Yet, after Plaintiff complained internally and to the EEOC she was requested by Mr. Mannino, on four different occasions to resign her position.

9.    After filing her complaints with Defendant, Plaintiff was subjected to different terms and conditions of employment which were not applied to similarly situated male employees, including but not limited to the following:

    a)     Plaintiff was targeted for discipline not applied to male employees.

    b)     Plaintiff's work was scrutinized to a degree not applied to similarly situated male employees.

    c)     Plaintiff was more harshly disciplined than similarly situated male employees.

    d)     Plaintiff was subjected to multiple disciplines for the same alleged infraction.

    e)     The above describe harassment/discrimination intensified.

     f)     Plaintiff was disciplined without basis for allegedly abusing sick days.  Plaintiff did not exceed the allotted number of sick days to which she was entitled and Plaintiff was not granted her rights pursuant to the Family Medical leave Act regarding these absences.

     g)    Plaintiff was informed by supervisory personnel that they had been ordered to "watch" Plaintiff and "try to write her up for anything they could", this order came from/by Mr. Mannino, who was now Chief of Police.

10.    The above actions were directed at Plaintiff by co-workers and supervisory personnel of the Defendant this conduct was intentional, willful, and deliberately designed to harm Plaintiff.

11.    On or about July 2007, Plaintiff was suspended and subsequently terminated on false and pre-textual charges.

12.    None of the male officers sat that time had suffered the above harassment, discipline, or were suspended for being late to work.

13.    Defendant further violated Plaintiff's rights in that:

     a.    It failed to provide Plaintiff with employment conditions and relationships where she could work safely, free from harassment and discrimination.

     b.    It failed to respond promptly to Plaintiff's complaints of discrimination.

     c.    It failed to thoroughly investigate Plaintiff's complaints of discrimination.

     d.    It failed to take appropriate action when it knew or should have known of the discriminatory practices.

     e.    It failed to discharge, suspend, reprimand or otherwise discipline the supervisors,

-4-

who either perpetrated, acquiesced in or ignored the discrimination occurring

within Plaintiff's workplace.

14. Such conduct has denied Plaintiff's civil rights guaranteed by the Laws of the United

States of America.

15. Plaintiff was retaliated against for having complained of discrimination/harssment within

the workplace.

16. The discrimination suffered by Plaintiff materially altered the terms and conditions of her

employment because of her gender.

17. On January 19, 2007, Plaintiff timely filed a charge of discrimination with the Equal

Employment Opportunity Commission ("EEOC") Charge No. 440-2007-02379,

indicating sex discrimination and retaliation.

18. On February 15, 2008, the EEOC forwarded Plaintiff's request for a Notice of Right To

Sue to the U.S. Department of Justice.

19. On  March 7, 2008, the U.S. Department of Justice issued Plaintiff a Notice of Right to

Sue.

20. Plaintiff has met all procedural prerequisites to bringing this action.

21. Plaintiff brings this action within ninety (90) days of receipt of her Notice of Right to

Sue.

### COUNT I
### SEXUAL HARASSMENT

1-21. Plaintiff repeats and re-alleges Paragraphs 1 through 21 of this Complaint as paragraphs

1 through 21 of Count I as though fully set forth herein.

22. The Defendant has engaged in sexual harassment of the Plaintiff maliciously and with

reckless indifference to Plaintiff's rights under Title VII.

23.   That the aforesaid treatment of Plaintiff was because of her sex, female, in violation of

Title VII , as amended.

24.   That Defendant created and allowed a hostile work environment to exist for Plaintiff.

25.   Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendants'

illegal conduct.

26.   As a result of the acts complained of herein, Plaintiff has suffered and will continue to

suffer the effects of unlawful discrimination, extreme emotional distress and mental

anguish, loss of career opportunities, los of a job, damage to her reputation and

professional development, financial loss, physical harm and loss of the enjoyment of

everyday life.

27.   The conduct of the Defendant constitutes unlawful employment discrimination on the

basis of sex and constitutes a violation of the Plaintiff's rights pursuant to Title VII of the

Civil Rights Act of 1964, as amended by Title VII of the Civil Rights Act of 1991, and

the Defendant is liable to the Plaintiff for civil relief and other damages for the violation

of Plaintiff's rights.

**WHEREFORE**, Plaintiff, Patricia Loparco, respectfully prays this Honorable Court

award Plaintiff the following relief:

A.   Award compensatory damages against the Defendant in an amount in excess of

the amount of three hundred thousand dollars ($300,000.00)

B.   Award the Plaintiff back pay, pre-judgment interest, lost benefits, reinstatement or

front-pay, in an effort to make Plaintiff whole.

C.    Award punitive damages as allowed by law.

D.    Award reasonable attorney's fees and costs of this suit.

E.    Such other relief as this Honorable Court deems just under the circumstances.

### COUNT II
### SEX DISCRIMINATION - TITLE VII

1-27.    Plaintiff repeats and re-alleges Paragraphs 1 through 27 of this Complaint as paragraphs 1 through 27 of Count II, as though fully set forth herein.

28.    The above-referenced conduct as indicated herein, are discriminatory within the meaning of Title VII.

29.    That the actions and conduct directed toward Plaintiff by Defendant reveals a gender-bias toward female employees within the workplace in violation of Title VII.

30.    Plaintiff has suffered and will continue to suffer irreparable injury caused by defendant's illegal conduct.

31.    Defendant's actions were willful and malicious and constituted a reckless indifference to Plaintiff's rights under Title VII.

32.    As a result of the acts complained of herein, Plaintiff has suffered and will continue to suffer the effects of unlawful discrimination, extreme emotional distress and mental anguish, loss of career opportunities, los of a job, damage to her reputation and professional development, financial loss, physical harm and loss of the enjoyment of everyday life.

33.    The conduct of the Defendant constitutes unlawful employment discrimination on the basis of sex and constitutes a violation of the Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by Title VII of the Civil Rights Act of 1991, and

the Defendant is liable to the Plaintiff for civil relief and other damages for the violation

of Plaintiff's rights.

**WHEREFORE**, Plaintiff, Patricia Loparco, respectfully requests this Honorable Court

award Plaintiff:

A.    Award compensatory damages against the Defendant in an amount in excess of

the amount of three hundred thousand dollars ($300,000.00)

B.    Award the Plaintiff back pay, pre-judgment interest, lost benefits, reinstatement or

front-pay, in an effort to make Plaintiff whole.

C.    Award punitive damages as allowed by law.

D.    Award reasonable attorney's fees and costs of this suit.

E.    Such other relief as this Honorable Court deems just and

proper under the circumstances.

## COUNT III
## DISPARATE TREATMENT

1-33.    Plaintiff repeats and re-alleges Paragraphs 1 through 33 of this Complaint as paragraphs

1 through 33 of Count III, as though fully set forth herein.

34.    The Plaintiff is a white female.

35.    The Plaintiff was and is qualified for the job she held.

36.    The Plaintiff adequately performed all of the functions that her job entailed.

37.    Despite the Plaintiff's qualifications and performance she was discriminated against by

the Defendant because of her sex.

38.    The discrimination and disparate treatment suffered by the Plaintiff at the hands of the

-8-

Defendant was intentional.

39.     The Defendant has discriminated against the Plaintiff in the terms and conditions of her

employment on the basis of sex.

40.     The Plaintiff is now suffering and will continue to suffer as a result of the discriminatory

employment practices engaged in and tolerated by the Defendant unless and until this

Honorable Court grants relief.

**WHEREFORE**, Plaintiff, Patricia Loparco, respectfully requests this Honorable Court

award Plaintiff:

A.     Award compensatory damages against the Defendant in an amount in excess of

the amount of three hundred thousand dollars ($300,000.00)

B.     Award the Plaintiff back pay, pre-judgment interest, lost benefits, reinstatement or

front-pay, in an effort to make Plaintiff whole.

C.     Award punitive damages as allowed by law.

D.     Award reasonable attorney's fees and costs of this suit.

E.     Such other relief as this Honorable Court deems just and

proper under the circumstances.

### COUNT IV
### RETALIATION - TITLE VII

1-40.     Plaintiff repeats and re-alleges Paragraphs 1 through 40 of this Complaint as paragraphs

1 through 40 of Count IV, as though fully set forth herein.

41.     After Plaintiff complained about the discrimination, Plaintiff was subjected to adverse

reprisals, inclusive of, but not limited to, unfair discipline.

42.     The adverse reprisals were in retaliation for having complained about the hostile work environment in violation of Title VII.

43.     Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

44.     The Defendant's actions were willful and malicious and constituted a reckless indifference to Plaintiff's rights under Title VII.

45.     As a result of the acts complained of herein, Plaintiff has suffered and will continue to suffer the effects of unlawful discrimination, extreme emotional distress and mental anguish, loss of career opportunities, loss of a job, damage to her reputation and professional development, financial loss, physical harm and loss of the enjoyment of everyday life.

46.     The conduct of the Defendant constitutes unlawful employment discrimination on the basis of sex and constitutes a violation of the Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by Title VII of the Civil Rights Act of 1991, and the defendant is liable to the Plaintiff for civil relief and other damages for the violation of Plaintiff's rights.

**WHEREFORE**, Plaintiff, Patricia Loparco, respectfully requests this Honorable Court award Plaintiff:

A.     Award compensatory damages against the Defendant in an amount in excess of the amount of three hundred thousand dollars ($300,000.00)

B.     Award the Plaintiff back pay, pre-judgment interest, lost benefits, reinstatement or front-pay, in an effort to make Plaintiff whole.

-10-

C.     Award punitive damages as allowed by law.

D.     Award reasonable attorney's fees and costs of this suit.

E.     Such other relief as this Honorable Court deems just and proper under the circumstances.

## COUNT V
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

47.    Plaintiff repeats and re-alleges paragraphs 1through 47 above as paragraphs 1through 47 of Count V, as through fully set forth herein.

48.    Plaintiff had worked continuously for Defendants for more than twelve (12) months preceding her giving notice of her need for FMLA leave.

49.    Plaintiff had worked more than 1250 hours during the twelve (12) month period preceding her giving said notice of her need for FMLA leave.

50.    Plaintiff was entitled to 480 hours of FMLA protected leave.

51.    Plaintiff was denied FMLA coverage for the absences taken to obtain medical care/ treatment for her serious health condition and/or that of her daughter.

52.    Said denial was intentional, willful and designed to support discipline and the ouster of Plaintiff from her employment as a police officer with the Village of Richton Park.

53.    Such conduct has caused Plaintiff financial harm, los of pay and benefits and loss of future pay and benefits in violation of the Family Medical Leave Act.

**WHEREFORE,** Plaintiff respectfully prays this Honorable Court award the following relief:

A.     Monetary damages to compensate Plaintiff for all lost salary and benefits from the time Defendant's improper conduct commenced to the time of the award, plus all

accrued interest thereon;

B.     Monetary damages to compensate Plaintiff for all future lost salary and benefits;

C.     Liquidated damages equal to an amount awarded hereunder, pursuant to FMLA § 107(a)(1)(A)(iii);

D.     Reasonable attorney's fees, expert witness fees and costs of litigation and costs of this suit;

E.     Satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and this Court shall deem proper under the circumstances.

Respectfully submitted,

/s/ Charles Siedlecki

Charles Siedlecki and Associates, P.C.
10540 South Western Avenue - Suite 405
Chicago, Illinois 60643
(773) 881-2535

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

PATRICIA LOPARCO,                    )
                                     )    **Case No.  08 C 2747**
    Plaintiff,    )
                                     )    Honorable Judge Der-Yeghiyan
                                     )    Judge Presiding
vs.                                  )
                                     )    Magistrate Judge Nolan
VILLAGE OF RICHTON PARK ,            )
                                     )
    Defendant.    )    **JURY DEMANDED**

### FIRST AMENDED COMPLAINT

**NOW COMES,** the Plaintiff Patricia Loparco, by and through her attorney Charles Siedlecki and complaining against Defendant Village of Richton Park Police Dept., as  follows:

### _____ *JURISDICTION AND VENUE*

1.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000(e),et seq. (Title VII); The Family Medical Leave Act ("FMLA") 29 U.S.C. § 2601 et seq.  and the Civil Rights Attorney's Fee's Awards Act of 1976, 42 U.S.C. § 1988. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, 1337, 1343, as well as this Honorable Courts power to assert ancillary and pendant jurisdiction over related state claims. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391 (b) and (c), and 42 U.S.C. § 2000e-5(f)(3), for the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern

-1-



District of Illinois, Eastern Division.

## _PARTIES_

2.    Plaintiff, Patricia Loparco, (hereinafter sometimes referred to as "Plaintiff"), is a citizen

of the United States of America and a resident of the State of Illinois.

3.    Defendant Village of Richton Park, (hereinafter sometimes referred to as "Defendant"),

provides services, including a police department, for the citizens of its Village. Defendant

is an employer within the meaning of Title VII and is located at 4455 West Sauk Trail,

Richton Park, Illinois 60471.

## FACTS

4.    Plaintiff Loparco was hired by Defendant on September 12, 1996, assigned to the position

of Patrol Officer. Plaintiff is a white female.

5.    At that time, Plaintiff was one of two females employed within the police department.

6.    Plaintiff complained to Defendant of sex harassment/discrimination.  Yet no corrective

action was taken..

7.    Plaintiff complained internally of the sexually harassing conduct of employee agents Vito

Mannino and William Sander both of who were supervisors within the Defendant's

police department.  Specifically, Plaintiff's complaints include but are not limited to the

following:

a.    being forced to attend roll calls at which film clips of a woman performing oral

sex on a man were played;

b.    being directed to change clothes in the men's locker room;

c.    being exposed to men in varying states of undress and often completely naked;

-2-

    d.    plaintiff while in uniform at roll call and in front of her co-workers, was referred to as a "whore," a "bitch", told by male officers to "suck their dicks;"

    e.    being exposed to discussions at roll call regarding pornographic videos the officers had seen and sexual acts they have performed with other women. Supervisors were present and took part in the discussion;

    f.    having officers grab their crotch and tell Plaintiff "this is for you";

    g.    plaintiff was subjected to untoward, demeaning and sexually offensive comments regarding her "butt";

    h.    being told to cook and bake food to bring into the workplace.

8.    Plaintiff was meeting the reasonable work expectations of her employer, Village of Richton Park Police Dept. Yet after Plaintiff complained internally and to the EEOC she was requested by Mr. Mannino, on four different occasions to resign her position.

9.    After filing her complaint with Defendant, Plaintiff was subjected to different terms and conditions of employment which were not applied to similarly situated male employees, including but not limited to the following:

    a)    Plaintiff was targeted for discipline not applied to male employees.

    b)    Plaintiff's work was scrutinized to a degree not applied to similarly situated male employees.

    c)    Plaintiff was more harshly disciplined than similarly situated male employees.

    d)    Plaintiff was subjected to multiple disciplines for the same alleged infraction.

    e)    The above described harassment/discrimination intensified.

    f)    Plaintiff was disciplined without basis for allegedly abusing sick days. Plaintiff

did not exceed the allotted number of sick days to which she was entitled and

Plaintiff was not granted her rights pursuant to the Family Medical Leave Act,

regarding these absences.

g)    Plaintiff was informed by supervisory personnel that they had been ordered to

:watch: Plaintiff and "try to write her up for anything they could". This order

came from/by Mr. Mannino, who was now the Chief of Police.

10.    The above actions were directed at Plaintiff by co-workers and supervisory personnel of

the Defendant, this conduct was intentional, willful, and deliberately designed to harm

Plaintiff.

11.    On or around January 2007, Plaintiff was suspended pending a hearing for reporting late

to work three times during 2006.

12.    None of the male Patrol officers have been harassed, disciplined, or suspended for being

late to work.

13.    Defendant further violated Plaintiff's rights in that:

a.    It failed to provide Plaintiff with employment conditions and relationships where

she could work safely, free from harassment and discrimination.

b.    It failed to respond promptly to Plaintiff's complaints of discrimination.

c.    It failed to thoroughly investigate Plaintiff's complaints of discrimination.

d.    It failed to take appropriate action when it knew or should have known of the

discriminatory practices.

e.    It failed to discharge, suspend, reprimand or otherwise discipline the supervisors,

who either perpetrated, acquiesced in or ignored the discrimination occurring

within Plaintiff's workplace.

14.    Such conduct has denied Plaintiff's civil rights guaranteed by the Laws of the United States of America.

15.    Plaintiff was retaliated against for having complained of discrimination within the workplace.

16.    The discrimination suffered by Plaintiff materially altered the terms and conditions of her employment because of her gender.

17.    On January 19, 2007, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") Charge No. 440-2007-02379, indicating sex discrimination and retaliation.

18.    On February 15, 2008, the EEOC forwarded Plaintiff's request for a Notice of Right To Sue to the U.S. Department of Justice.

19.    On March 7, 2008, the U.S. Department of Justice issued Plaintiff a Notice of Right to Sue.

20.    Plaintiff has met all procedural prerequisites to bringing this action.

21.    Plaintiff brings this action within ninety (90) days of receipt of her Notice of Right to Sue.

### COUNT I
### SEXUAL HARASSMENT

1-21.    Plaintiff repeats and realleges Paragraphs 1 through 21 of this Complaint as paragraphs 1 through 21 of Count I as though fully set forth herein.

22.    That defendants have engaged in sexual harassment of the Plaintiff maliciously and with reckless indifference to Plaintiff's rights under Title VII.

23.    That the aforesaid treatment of Plaintiff was because of her sex, female, in violation of
Title VII , as amended.

24.    That defendants created and allowed a hostile work environment to exist for Plaintiff.

25.    Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendants'
illegal conduct.

26.    As a result of the acts complained of herein, Plaintiff has suffered and will continue to
suffer the effects of unlawful discrimination, extreme emotional distress and mental
anguish, loss of career opportunities, loss of a job, damage to her reputation and
professional development, financial loss, physical harm and loss of the enjoyment of
everyday life.

27.    The conduct of the defendants constitutes unlawful employment discrimination on the
basis of sex and constitutes a violation of the Plaintiff's rights pursuant to Title VII of the
Civil Rights Act of 1964, as amended by Title VII of the Civil Rights Act of 1991, and
the Defendant is liable to the Plaintiff for civil relief and other damages for the violation
of Plaintiff's rights.

**WHEREFORE**, Plaintiff, Patricia Loparco, respectfully requests this Honorable Court
award Plaintiff:

a.    Declare the acts complained of herein to be a violation of applicable law.

b.    Enter an Order enjoining and permanently restraining these violations of Title VII
and its amendments.

c.    Award Plaintiff compensatory damages against Defendant to make Plaintiff whole
for any lost benefits she would have received had it not been for Defendant's

-6-

illegal conduct/actions including back pay and front pay.

d.    Award Plaintiff damages for pain, suffering, humiliation and harm caused by the Defendant's unlawful treatment in an amount to be determined at trial.

e.    Award Plaintiff costs and expenses for this action and reasonable attorney fees.

f.    Award such other equitable relief as this Honorable Court determines to be just and proper.

**COUNT II**
**SEX DISCRIMINATION - TITLE VII**

1-27.    Plaintiff repeats and realleges Paragraphs 1 through 27 of this Complaint as paragraphs 1 through 27 of Count II, as though fully set forth herein.

28.    The above-referenced conduct as indicated herein, are discriminatory within the meaning of Title VII.

29.    That the actions and conduct directed toward Plaintiff by Defendant reveals a gender-bias toward female employees within the workplace in violation of Title VII.

30.    Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

31.    Defendant's actions were willful and malicious and constituted a reckless indifference to Plaintiff's rights under Title VII.

32.    As a result of the acts complained of herein, Plaintiff has suffered and will continue to suffer the effects of unlawful discrimination, extreme emotional distress and mental anguish, loss of career opportunities, loss of a job, damage to her reputation and professional development, financial loss, physical harm and loss of the enjoyment of everyday life.

33. The conduct of the defendants constitutes unlawful employment discrimination on the basis of sex and constitutes a violation of the Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by Title VII of the Civil Rights Act of 1991, and the Defendant is liable to the Plaintiff for civil relief and other damages for the violation of Plaintiff's rights.

**WHEREFORE**, Plaintiff, Patricia Loparco, respectfully requests this Honorable Court award Plaintiff:

a. Declare the acts complained of herein to be a violation of applicable law.

b. Enter an Order enjoining and permanently restraining these violations of Title VII and its amendments.

c. Award Plaintiff compensatory damages against Defendant to make Plaintiff whole for any lost benefits she would have received had it not been for Defendant's illegal conduct/actions including back pay and front pay.

d. Award Plaintiff damages for pain, suffering, humiliation and harm caused by the Defendant's unlawful treatment in an amount to be determined at trial.

e. Award Plaintiff costs and expenses for this action and reasonable attorney fees.

f. Award such other equitable relief as this Honorable Court determines to be just and proper.

### COUNT III
### DISPARATE TREATMENT

1-33. Plaintiff repeats and realleges Paragraphs 1 through 33 of this Complaint as paragraphs 1 through 33 of Count III, as though fully set forth herein.

34.   The Plaintiff is a white female.

35.   The Plaintiff was and is qualified for the job she held.

36.   The Plaintiff adequately performed all of the functions that her job entailed.

37.   Despite the Plaintiff's qualifications and performance she was discriminated against by the Defendant because of her sex.

38.   The discrimination and disparate treatment suffered by the Plaintiff at the hands of the Defendant was intentional.

39.   The Defendant has discriminated against the Plaintiff in the terms and conditions of her employment on the basis of sex.

40.   The Plaintiff is now suffering and will continue to suffer as a result of the discriminatory employment practices engaged in and tolerated by the Defendant unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff, Patricia Loparco, respectfully requests this Honorable Court award Plaintiff:

a.   Declare the acts complained of herein to be a violation of applicable law.

b.   Enter an Order enjoining and permanently restraining these violations of Title VII and its amendments.

c.   Award compensatory damages against Defendant to make Plaintiff whole for any lost benefits she would have received had it not been for Defendant's illegal conduct/actions including back pay and front pay.

d.   Award Plaintiff damages for pain, suffering, humiliation and harm caused by the Defendant's unlawful treatment in an amount to be determined at trial.

e.     Award Plaintiff costs and expenses for this action and reasonable attorney fees.

f.     Award such other equitable relief as this Honorable Court determines to be just and proper.

## COUNT IV
### RETALIATION - TITLE VII

1-40.   Plaintiff repeats and realleges Paragraphs 1 through 40 of this Complaint as paragraphs 1 through 40 of Count IV, as though fully set forth herein.

41.   After Plaintiff complained about the discrimination, Plaintiff was subjected to adverse reprisals, inclusive of, but not limited to, unfair discipline.

42.   The adverse reprisals were in retaliation for having complained about the hostile work environment in violation of Title VII.

43.   Plaintiff has suffered and will continue to suffer irreparable injury caused by defendant's illegal conduct.

44.   The defendant's actions were willful and malicious and constituted a reckless indifference to Plaintiff's rights under Title VII.

45.   As a result of the acts complained of herein, Plaintiff has suffered and will continue to suffer the effects of unlawful discrimination, extreme emotional distress and mental anguish, loss of career opportunities, loss of a job, damage to her reputation and professional development, financial loss, physical harm and loss of the enjoyment of everyday life.

46.   The conduct of the defendants constitutes unlawful employment discrimination on the basis of sex and constitutes a violation of the Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by Title VII of the Civil Rights Act of 1991, and

the defendant is liable to the Plaintiff for civil relief and other damages for the violation of Plaintiff's rights.

**WHEREFORE**, Plaintiff, Patricia Loparco, respectfully requests this Honorable Court award Plaintiff:

a.     Declare the acts complained of herein to be a violation of applicable law.

b.     Enter an Order enjoining and permanently restraining these violations of Title VII and its amendments.

c.     Award Plaintiff compensatory damages against Defendant to make Plaintiff whole for any lost benefits she would have received had it not been for Defendant's illegal conduct/actions including back pay and front pay.

d.     Award Plaintiff damages for pain, suffering, humiliation and harm caused by the Defendant's unlawful treatment in an amount to be determined at trial.

e.     Award Plaintiff costs and expenses for this action and reasonable attorney fees.

f.     Award such other equitable relief as this Honorable Court determines to be just and proper.

### *COUNT V*
### *VIOLATION OF THE FAMILY MEDICAL LEAVE ACT*

1-47.   Plaintiff repeats and re-alleges paragraphs 1 through 47 above as paragraphs 1 through 47 of Count V, as though fully set forth herein.

48.     Plaintiff had worked continuously for Defendant for more than twelve (12) months preceding her giving notice of her need for FMLA leave.

49.     Plaintiff had worked more than 1250 hours during the twelve (12) months period preceding her giving said notice of her need for FMLA leave.

-11-

50.    Plaintiff was entitled to 480 hours of FMLA protected leave.

51.    Plaintiff was denied FMLA coverage for the absences taken to obtain medical care treatment for her serious health condition and/or that of her daughter.

52.    Said denial was intentional, willful and designed to support discipline and the ouster of Plaintiff from her employment as a police officer with the Village of Richton Park.

53.    Such conduct has caused Plaintiff financial harm, loss of pay, benefits, and loss of future pay and benefits in violation of the FMLA.

**WHEREFORE,** Plaintiff respectfully prays this honorable Court award the following relief:

a.    Monetary damages to compensate Plaintiff for all lost salary and benefits from the time Defendant's improper conduct commenced to the time of the award, plus all accrued interest thereon;

b.    Monetary damages to compensate Plaintiff for all future lost salary and benefits;

c.    Liquidated damages equal to an amount awarded hereunder, pursuant to 29 U.S.C. § 107(a)(1)(A)(iii);

d.    Reasonable attorney fees, expert witness fees and costs of litigation;

e.    Award such additional relief as this Honorable Court deems just under the circumstance.

Respectfully submitted,

/s/ Charles Siedlecki

Charles Siedlecki and Associates, P.C.
10540 South Western Avenue - Suite 405
Chicago, Illinois 60643
(773) 881-2535

EEOC FORM 131 (5/01)

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Mr Gregory Spathis<br>Acting Village Manager<br>VILLAGE OF RICHTON PARK PARK POLICE DEPARTMENT<br>4455 West Sauk Trail<br>Richton Park, IL 60471 | **Patricia Loparco** |

THIS PERSON (check one or both)

[X] Claims To Be Aggrieved

[ ] Is Filing on Behalf of Other(s)

EEOC CHARGE NO.
**440-2007-02379**

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act          [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act     [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **16-FEB-07** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by                to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by
to
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Patricia Jaramillo,
Enforcement Supervisor

*EEOC Representative*

*Telephone* **(312) 886-3576**

Chicago District Office - 440
500 West Madison St
Suite 2800
Chicago, IL 60661

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN   [ ] AGE   [ ] DISABILITY   [ ] RETALIATION   [ ] OTHER

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| January  19, 2007 | John P. Rowe,<br>District Director | *John P. Rowe* |

EXHIBIT

C

736634

EEOC Form 5 (6/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2007-02379 |

| Illinois Department Of Human Rights | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Patricia Loparco | (708) 481-8956 | 03/17/1970 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1114 West 183rd Street Homewood, Illinois 60430 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| VILLAGE OF RICHTON PARK POLICE DEPARTMENT | 15 - 100 | (708) 481-8956 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4455 West Sauk Trail, Richton Park, IL 60471 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-01-2001   Latest: 01-18-2007

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent on September 12, 1996, as Patrol Officer. I am one of three females of the 27 Patrol Officers in my department. On April 24, 20001, I complained of discrimination. Immediately thereafter and continuing to the present I have been subjected to different terms and conditions of employment than my male co-workers, by being disciplined for violations for which male counterparts have not been disciplined. On January 5, 2007, I was suspended pending a hearing for reporting late to work three times during 2006. None of the male Patrol Officers have been harassed, disciplined, or suspended for being late to work.

I believe that I have been discriminated because of my sex, female, and retaliated against for my complaints of discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC

JAN 19 2007

CHICAGO DISTRICT OFC

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Jan 19, 2007   *Patricia C. Loparco*<br>Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |