# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA LOPARCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 2747 |
| | ) | |
| VILLAGE OF RICHTON PARK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Village of Richton Park's ("Village") partial motion to dismiss. For the reasons stated below, we grant in part and deny in part the motion to dismiss.

## BACKGROUND

Plaintiff Patricia Loparco ("Loparco") alleges that she was hired in September 1996 to work as a patrol officer for the Village Police Department ("Department"). She contends that she was one of only two female officers working for the Department. Loparco alleges that she was subjected to sexual harassment at work. Loparco asserts that she was forced to attend roll calls where sexually explicit film clips were played. Loparco also claims that at roll calls she was referred to in a

derogatory manner based on her gender and that sexually explicit statements were made to her. Loparco further alleges that she did not have a separate locker room from the men and that she was subjected to using the men's locker room with the men. Loparco claims that she complained about the alleged harassment to her supervisors. Loparco alleges that after she made the complaint, she was asked to resign even though she was performing her job well. Loparco also alleges that after she complained, she was unfairly disciplined for actions such as reporting late to work and that she was suspended and ultimately fired. Loparco brought the instant action and includes in her amended complaint a claim alleging a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII")(Count I), a Title VII gender discrimination claim (Count II), a Title VII disparate treatment claim (Count III), a Title VII retaliation claim (Count IV), and a Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA") claim (Count V). The Village moves to dismiss any Title VII retaliation claim based on the termination of Loparco's employment, contending that the termination occurred after Loparco filed her charge with the Equal Employment Opportunity Commission ("EEOC"). The Village also moves to dismiss the hostile work environment claim arguing that it is not within the scope of the EEOC charge. The Village also moves to dismiss the Title VII claims to the extent that they are premised on conduct that occurred more than 300 days before Loparco filed the EEOC charge. In addition, the Village moves to dismiss all state claims.

**LEGAL STANDARD**

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level" and "if they do not, the plaintiff pleads itself out of court ." *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007)(internal citations omitted). Under the current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action . . . .' " *See Sanjuan v. Amer. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefits of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the

defendant with at least minimal notice of the claim." *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)(internal citations omitted). Moreover, the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of her claim." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

We address below each of the Village's arguments relating to its motion to dismiss.

I.  Termination After the Filing of the EEOC Charge

The Village moves to dismiss the Title VII retaliation claim to the extent that it is based upon the termination of Loparco's employment, contending that the termination occurred after Loparco filed her EEOC charge. Generally, a plaintiff may not bring claims in a court action that were not included in the charge that the plaintiff filed with the EEOC. *Kersting v. Wal-Mart, Inc.*, 250 F.3d 1109, 1118 (7th Cir. 2001). Loparco indicates in her amended complaint that her employment was terminated. (A. Compl. Par. 26, 32, 45). Loparco also indicates in her amended complaint that the termination happened after she filed her EEOC charge and, thus,

the termination is not mentioned in the EEOC charge.  (A. Compl. Par. 6, 9, 12, 17, 26).

The Seventh Circuit has recognized a retaliation exception to the requirement that all claims be referenced in an EEOC charge where the "alleged retaliation is for filing the first claim." *Heuer v. Weil-McLain*, 203 F.3d 1021, 1023 (7th Cir. 2000); *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 482 (7th Cir. 1996). The Seventh Circuit reasoned that requiring a plaintiff to file a separate charge with the EEOC for a subsequent retaliation "'would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title VII.'" *McKenzie*, 92 F.3d at 482 (quoting *Gupta v. E. Tex. St. U.*, 654 F.2d 411 (5th Cir. 1981)).

In *National Passenger Railroad v. Morgan*, 536 U.S. 101 (2002), the Supreme Court rendered a decision that called into question the continued viability of the retaliation exception.  The Court in *Morgan* held that "discrete acts that fall within the statutory time period do not make timely acts that fall outside the time period." *Id.* at 112.  The Court also held that "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act" and that "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Id.* at 113-14.  The Court in *Morgan* also defined "discrete acts" as acts that are "easy to identify," including "termination, failure to promote, denial of transfer or refusal to hire."  *Id.* at 114; *see also Ledbetter v.*

*Goodyear Tire & Rubber Co., Inc.*, 127 S.Ct. 2162, 2167 (2007) (confirming the discrete acts definition in *Morgan*).

The Seventh Circuit has acknowledged the impact of *Morgan* on the retaliation exception, *Horton v. Jackson County Bd. of County Com'rs.*, 343 F.3d 897, 899-900 (7th Cir. 2003), recognizing that "[n]ormally, retaliation, sex discrimination, and sexual harassment charges are not 'like or reasonably related' to one another to permit an EEOC charge of one type of wrong to support a subsequent civil suit for another. . . ." *Sitar v. Indiana Dept. of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003). The Seventh Circuit has also concluded that consistent with the ruling in *Morgan*, it is possible that "[t]hose different claims may be so linked . . . where they are 'so related and intertwined in time, people, and substance that to ignore that relationship for a strict and technical application of the rule would subvert the liberal remedial purposes of the Act.'" *Id.* (citing *Morgan* and quoting in part *Kristufek v. Hussmann Foodservice Co.*, 985 F.2d 364, 368 (7th Cir. 1993)); *Horton*, 343 F.3d at 899-901 (recognizing possible viability of retaliation exception with multiple employees or class actions).

In the instant action, the amended complaint provides only general allegations concerning the fact that Loparco lost her job. The amended complaint does not contain sufficient details regarding the termination of Loparco's employment to assess its relation to the allegations of harassment and discrimination, but Loparco was not required to include such details under the notice pleading standard. Although the Village argues that Loparco's termination is not related to the

underlying allegations of harassment and discrimination, (Reply 2-3), such arguments delve beyond the pleadings and are premature at this juncture. *See Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006)(indicating that a plaintiff need not anticipate affirmative defenses in a complaint). Thus, it is possible that Loparco's termination could have been so intertwined with the alleged discrimination, which was the basis for her EEOC charge, that Loparco was not required to file a separate EEOC charge for her retaliation claim. Therefore, we deny the motion to dismiss the Title VII retaliation claim to the extent that it is based on the termination of Loparco's employment.

## II.  Hostile Work Environment Claim (Count I)

The Village moves to dismiss the hostile work environment claim because the Village believes the claim is beyond the scope of the EEOC charge. As indicated above, generally, a plaintiff may not bring claims in a court action that were not included in the charge that she filed with the EEOC. *Kersting*, 250 F.3d at 1118. This rule, which prevents the introduction of new Title VII claims in the court action, provides "an opportunity for the EEOC to settle the dispute between the employee and employer, and put[s] the employer on notice of the charges against it." *Harper v. Godfrey Co.*, 45 F.3d 143, 147-48 (7th Cir. 1995). A plaintiff can only pursue a claim that is not specifically included in an EEOC charge if the "allegations fall within the scope of the charges contained in the EEOC complaint." *Kersting*, 250 F.3d at 1118. A claim falls within the scope of the EEOC charge if the claim is "like

or reasonably related to" the claim included in the EEOC charge.  *Harper*, 45 F.3d at

147 (indicating a claim is sufficiently related if the new claim "reasonably can be

expected to grow out of an EEOC investigation of the charges").  In making such a

determination, the plaintiff is required "at minimum" to show that the new claim and

the EEOC charge "describe the same conduct and implicate the same individuals."

*Kersting*, 250 F.3d at 1118 (quoting *Cheek v. Western and Southern Life Ins. Co.,* 31

F.3d 497, 501 (7th Cir. 1994)).

In the instant action, the Village argues that Loparco is barred from bringing a

hostile work environment claim since she did not reference such a claim in her

EEOC charge.  We can consider the EEOC charge, which was attached to the motion

to dismiss in this case, in ruling on the motion to dismiss.  *See Venture Associates*

*Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)(stating a

court can consider documents attached to a motion to dismiss that are referred to in

the complaint and are central to the plaintiff's claim); (A. Compl. Par. 17).  Loparco

contends that she mentioned her hostile work environment in her EEOC charge, and

Loparco points to language in the EEOC charge indicating, for example, that she was

"harassed."  (Chge. 2).  In viewing the EEOC charge, it is necessary to go beyond the

abstract label of a hostile work environment claim.  Based on the allegations in the

EEOC charge and in the amended complaint, it is clear that there are two separate

hostile work environment claims.  In the amended complaint, Loparco provides

extensive details concerning the sexual harassment that she suffered between 1996

and the date that she filed her EEOC charge.  (A. Compl. Par. 4-7).  The Village

correctly points out that there is no mention in the EEOC charge of any sexual harassment.  Loparco indicates in the EEOC charge that her hostile work environment began after she "complained of discrimination."  (Chge. 2).  Loparco indicates in her EEOC charge that she complained and "[i]mmediately thereafter and continuing to the present [she was ] subjected to different terms and conditions of employment," and that other male officers were not "harassed."  (Chge. 2).  Loparco thus clearly indicates in the EEOC charge that she was subjected to a hostile work environment in retaliation for her complaint about discrimination.  The conclusory reference in the EEOC charge to the prior "discrimination" of which Loparco complained was not sufficient to put the Village on notice of the extensive allegations concerning sexual harassment that began in 1996.  *See Cheek*, 31 F.3d at 501, 503 (stating that "[b]ecause an employer may discriminate on the basis of sex in numerous ways, a claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike or reasonably related just because they both assert forms of sex discrimination" and that "[o]rdinarily, a claim of sexual harassment cannot be reasonably inferred from allegations in an EEOC charge of sexual discrimination").

While Loparco indicates in her amended complaint that she suffered a hostile work environment caused by sexual harassment and later in retaliation for her complaints, her EEOC charge only references a hostile work environment based upon retaliatory conduct.  *See Ledbetter*, 127 S.Ct. at 2167 (stating that in regard to the filing of an EEOC charge, the Court has "stressed the need to identify with care

the specific employment practice that is at issue").  Not only was the alleged

motivation behind the two types of hostile work environments separate, the amended

complaint includes two distinct sets of alleged misconduct that relate to each form of

hostile work environment.  We also note that Loparco acknowledges in her amended

complaint that she filed an EEOC charge "indicating sex discrimination and

retaliation," but makes no mention of a hostile work environment based on alleged

sexual harassment.  (A. Compl. Par. 17).  Thus, Loparco is barred from pursuing a

hostile work environment claim based on her allegations concerning sexual

harassment since she did not properly raise the issue in her EEOC charge.

To the extent that Loparco seeks to base her hostile work environment claim

on alleged retaliatory-based misconduct that occurred after she complained about the

alleged "discrimination," (Chrge 2), Loparco is not barred from pursuing her hostile

work environment claim since such alleged misconduct was referenced in her EEOC

charge.  Therefore, as indicated above, we grant in part and deny in part the motion

to dismiss the hostile work environment claim (Count I).


III.  Conduct Prior to Limitations Period

The Village moves to dismiss all Title VII claims to the extent that they are

based on conduct that occurred more than 300 days before the alleged violations of

Title VII began.  Under Title VII, an employee subjected to unlawful discrimination

or retaliation must file an EEOC charge within three hundred days after the

occurrence of the alleged unlawful employment practice."  42 U.S.C. § 2000e-

5(e)(1).  The aggrieved party cannot litigate claims where the party failed to file a timely EEOC charge.  *Morgan*, 536 U.S. at 113; *Roney v. Ill. Dep't of Trans.*, 474 F.3d 455, 460 (7th Cir.  2007)(stating that "discrete acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges")(quoting *Morgan*, 536 U.S. at 113).

Loparco acknowledges that she has included allegations in the amended complaint that involve events that occurred more than 300 days before the filing of her EEOC charge.  (Ans. 7).  Loparco alleges in her amended complaint, for example, that she was subjected to a hostile work environment during her employment, which began in September 1996.  (A. Compl. Par. 4-7).  Loparco did not file her EEOC charge until January 19, 2007.  Loparco argues that she can base her hostile work environment Title VII claim on events that occurred more than 300 days before the filing of her EEOC charge under the continuing violation doctrine. (Ans. 8); *see also Dasgupta v. University of Wisconsin Bd. of Regents*, 121 F.3d 1138, 1139 (7th Cir. 1997)(explaining the continuing violation doctrine).

However, as explained above, Loparco is barred from basing her hostile work environment claim on the allegations concerning sexual harassment that occurred between 1996 and the filing of the EEOC charge in 2007.  Thus, the Village's objection to the timeliness of claims based on such allegations is moot.  In regards to the allegations of retaliatory conduct that could form the basis for a hostile work environment claim, it is not apparent based on the allegations in the amended complaint that any such conduct would be time-barred.  It appears from the

allegations in the complaint that such disciplinary actions took place relatively close in time to the filing of the EEOC charge. Loparco was not required under the notice pleading standard to provide specific dates for every event that she mentioned in her amended complaint. *Kyle*, 144 F.3d at 455; *See also Hollander*, 457 F.3d at 691 n.1 (indicating that a plaintiff need not anticipate affirmative defenses in a complaint). Thus, it is premature at this juncture to assess the timeliness of such claims or assess whether equitable tolling or the continuing violation doctrine would be applicable to such claims, if untimely. Therefore, we deny the motion to dismiss the Title VII claims to the extent that they are based on conduct that may have occurred more than 300 days before the filing of the EEOC charge.

IV. State Law Claims

The Village moves to dismiss any state law claims that Loparco intended to plead in her amended complaint. Loparco responds that she did not intend to plead any state law claims. (Ans. 1). Therefore, we deny the Village's motion to dismiss the state law claims as moot.

**CONCLUSION**

Based on the foregoing analysis, we grant in part and deny in part the partial motion to dismiss. Specifically, we deny the motion to dismiss the Title VII retaliation claim to the extent that it is based on the termination of Loparco's employment. We grant the motion to dismiss the hostile work environment claim to

the extent that it is based upon the sexual harassment allegations included in the amended complaint and we deny the motion to dismiss the hostile work environment claim to the extent that it is based upon alleged retaliatory misconduct.  We also deny the motion to dismiss, as premature, all claims that are based on conduct that may have occurred more than 300 days prior to the filing of the EEOC charge.  Finally, we deny as moot the motion to dismiss the state law claims.



Samuel Der-Yeghiayan
United States District Court Judge

Dated:   October 22, 2008